■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEEM BURGH, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered January 21, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant and his accomplice, Grayson Banks, robbed at knifepoint a Binghamton taxi driver. During the robbery the driver received knife wounds to his face and hand. Banks confessed shortly after being arrested. The police investigation which followed revealed that defendant was the other man involved. Each was accused in a one-count indictment of aiding and abetting the other in committing robbery in the first degree. Before trial, Banks pleaded guilty as charged and received a sentence of 3 to 9 years. Defendant, who elected to be tried, was convicted of the same offense and was sentenced to a term of imprisonment of not less than 6⅔ years and not greater than 20 years. Defendant contends, among other things, that he was deprived of a fair trial because during jury selection the prosecutor informed the panel that Banks had pleaded guilty and therefore would not be involved in the trial. Although the prosecutor should have avoided making this reference, we do not find it unduly prejudicial, particularly in light of the unobjected to curative instructions given by the court both in its pretrial comments and charge to the jury (see *United States v Gibbons,* 602 F2d 1044, 1048, cert den 444 US 950). Except for an attack on the validity of the sentence, defendant's other arguments are also without merit. As for the sentence, defendant maintains that there is no justification for the wide disparity between his sentence and that received by his accomplice, who pleaded guilty to the same offense, and further that in determining defendant's sentence the court failed to give consideration to his potential for rehabilitation. It is not at all clear from the record that defendant's actions were more culpable than those of his accomplice, whose sentence was much lighter; the testimony about who wielded the knife that injured the victim was confused and contradictory and if anything it appeared that Banks played a larger role in wounding the driver. Nor does the record suggest that their criminal histories are so dissimilar as to warrant the breadth of the difference in their sentences. Indeed, the presentence report showed that defendant, an unemployed Korean War veteran, had one prior brush with the law, a charge of criminal trespass and petit larceny for which he received a conditional discharge of one year. Most importantly, the court in sentencing defendant stated: "I'm not concerned with rehabilitation. I'm concerned with the penal aspects of the sentence." Deterrence and retribution are valid sentencing objectives, but so too is a defendant's rehabilitative needs. Rehabilitation is a stated goal of the Penal Law (§ 1.05, subd 5). A sentencing Judge is obliged to give due consideration to the purposes of imprisonment: "societal protection, rehabilitation and deterrence" (*People v Farrar,* 52 NY2d 302, 305). Although defendant's rehabilitation is only one factor to be considered, we believe it was error to disregard it entirely. Judgment modified, on the law, by vacating the

sentence imposed and remitting the matter to the County Court of Broome County for resentencing, and, as so modified, affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.