■ In the Matter of JAMES C. NUHLICEK, Respondent, v PAULA NUHLICEK, Appellant. (And Another Related Proceeding.) — Appeal from that part of an order of the Family Court of Schoharie County (Lamont, J.), entered May 8, 1982, which denied respondent's application for counsel fees. On August 19, 1981, James Nuhlicek (petitioner) commenced a proceeding in Family Court against his wife Paula Nuhlicek (respondent) for custody of their infant son. On September 1, 1981, respondent commenced a cross petition against her husband for custody of the same child. In due course, respondent's attorney requested an award of counsel fees. This request was denied by Family Court upon the ground that respondent was not indigent. This appeal ensued. There must be a modification as this court has recently abandoned the indigency test that was applied by Family Court (*Walsh v Walsh*, 92 AD2d 345). Order modified, on the law, by reversing so much thereof as denied respondent's application for counsel fees and matter remitted to Family Court for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEEM BURGH, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered October 22, 1982, which resentenced defendant following his conviction of the crime of robbery in the first degree. After a trial, defendant was convicted of the crime of robbery in the first degree and sentenced to a term of imprisonment of not less than six and two-third years and not more than 20 years. On appeal, this court modified the judgment by vacating the sentence imposed and remitting the matter for resentencing (*People v Burgh*, 89 AD2d 672). The County Court, on remittal, resentenced defendant to an indeterminate term of imprisonment of not less than four years and not more than 12 years. This appeal ensued. In *People v Burgh* (*supra*), wherein the relevant underlying facts are adequately set forth, this court determined that it was error for the sentencing court to disregard entirely defendant's rehabilitative needs. It is clear from examination of the record that on remittal the court expressly considered defendant's rehabilitative needs as well as the other relevant factors to be considered upon sentencing. Although there is some disparity between defendant's sentence and that of his accomplice, we are of the view that it cannot be said that such disparity constitutes an abuse of discretion by the sentencing court (see *People v Hoppe*, 47 AD2d 571). From our review of the record, it is the opinion of this court that there was no clear abuse of discretion in the imposition of sentence and, therefore, the sentence should not be disturbed (*People v Du Bray*, 76 AD2d 976). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.