■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN ROTH, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 22, 1983, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. On July 14, 1982, Deborah Taylor, a secretary with the New York State Police, received a telephone call from an unidentified caller informing her that on the following morning a man named Alan Roth, defendant herein, would be

leaving the Albany County Airport with stolen oriental rugs valued at $80,000. Based on that information, New York State Police Investigators McCabe and Girtler went to the airport at 6:30 A.M. the following day. When defendant arrived at the ticket counter of Command Airways shortly thereafter, Investigators McCabe and Girtler identified themselves and asked defendant to do the same thing. When he did so, Investigator McCabe informed defendant that they had information that he was in possession of some stolen oriental rugs and asked if he could look in his suit-carrying suitcase. Defendant responded, "Help yourself." Investigator Girtler unzipped the bag, exposed an oriental rug, and asked defendant, "What are these?" Defendant responded, "I don't know anything about it." When the investigator told defendant they were going to take him to an airport security room to conduct a further search of the two suitcases he was carrying, defendant responded, "Okay, fine." The security room search uncovered two additional oriental rugs, a foreign coin collection and three copper quarter-sized slugs. When defendant denied knowing anything about any of these items, he was arrested for possession of the slugs, advised of his *Miranda* rights and taken to the State Police barracks in Loudonville where he was issued an appearance ticket for possession of the slugs (see Penal Law, § 170.55) and released. Since defendant denied ownership of the oriental rugs, the State Police retained them for return to their rightful owner. Subsequently, when a person other than defendant identified the oriental rugs as being his property, defendant was indicted, tried and convicted of the crime of criminal possession of stolen property in the first degree (Penal Law, § 165.50). He was sentenced to two and one-third to seven years' imprisonment. On this appeal, defendant challenges the denial of his motion to suppress the rugs, as well as any oral statements made, and further argues that the elements of the crime were not proved beyond a reasonable doubt. He also claims that the sentence was excessive. In determining whether police conduct constitutes an unlawful search and seizure, it is necessary to examine both the predicate for the police action and the extent of the official intrusion on the individual. Here, the New York State Police received a telephone call from an unknown informant advising them that a man named Roth would be leaving the Albany County Airport the next day at 7:00 A.M. via Command Airways with stolen oriental rugs valued at $80,000. An anonymous phone tip giving general information will generate only a belief that criminal activity is afoot (see *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106) and will not, of itself, warrant a search and seizure of any individual who happens to fit the description of the person described in the call. However, where, as here, the specifics of the information are so exact, the intrusion by the police officers in stopping defendant and examining his suitcase, with his consent, was fully justified (see *People v Carter,* 30 NY2d 279, 282). Indeed, similar information coming from a known and reliable source may constitute probable cause and support the issuance of a search warrant. The motion to suppress was properly denied. Lastly, defendant's contentions that all of the elements of the charged crime were not proved beyond a reasonable doubt and that the sentence was excessive are without merit. Judgment affirmed. Mahoney, P. J., Kane, Casey and Levine, JJ., concur; Weiss, J., not taking part.