■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ASTOR, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 10, 1984, upon a verdict convicting defendant of the crime of criminal possession of forgery devices.

In the early morning hours of May 26, 1984, Police Officer Wayne La Chappelle observed a car, in which defendant was a passenger, cross the double solid lines on a highway in the Town of Bethlehem, County of Albany. Suspicious movements by the passengers within the car prompted the officer to request State Police assistance and backup. The car soon stopped and, after help arrived, the policemen escorted five people from the car. La Chappelle testified at trial that a leather jacket was found on the floor in front of where defendant had been sitting. Examination of its pockets uncovered a paper bag containing a rubber stamp and pad; the stamp resembled one used by the Department of Motor Vehicles (DMV) to validate learner's permits and, as the officers suspected, it proved to be a forgery.

Defendant was then arrested for unlawfully possessing the stamp, read his *Miranda* rights, and taken to the Bethlehem Police Station. After determining that defendant had been apprised of his constitutional rights, another police officer asked defendant, in the presence of La Chappelle, how he had acquired the stamp. Defendant said he found it along the road where the group stopped to eat. An identical statement by defendant, made to La Chappelle earlier at the scene of the arrest, was suppressed because defendant had not yet received his *Miranda* warnings.

Officer Alfredo Perez of the New York City Police Depart-

ment testified regarding defendant's prior arrest for forging a DMV learner's permit. Perez recounted that several weeks before defendant's arrest in Albany County, while in the course of an undercover operation investigating the forging of learner's permits, defendant approached him at a DMV office in New York City and for $40 placed a forged indorsement stamp on a learner's permit supplied by Perez. The trial court explicitly instructed the jury that this evidence bore only on defendant's knowledge of the illegal character of the stamp at the time of his arrest in the case *sub judice*. Defendant presented no witnesses in his behalf. From his conviction and the prison sentence imposed of 2⅓ to 7 years, defendant appeals.

Two issues merit consideration: the propriety of the admission of Perez's testimony and whether it was error to admit the statement made by defendant at the police station. Perez's testimony tended to show defendant knew, at the time of his arrest in Albany County, that the stamp in his possession was a forgery. As the crime charged was possessory in nature, this proof was admissible to show guilty knowledge, the mental element of the crime *(see, People v Sbraccia, 92 AD2d 628, 629)*.

The argument that defendant's incriminating statement uttered at police headquarters should have been suppressed, because it was identical to the inadmissible statement made by defendant earlier at the scene of the arrest and there had been no significant interruption in the interrogation, has formidable precedential support *(see, People v Chapple, 38 NY2d 112, 114-115; People v Jones, 87 AD2d 761, 763; People v Newson, 68 AD2d 377; People v Johnson, 64 AD2d 907, 910, affd 48 NY2d 674)*. Indeed *People v Johnson (supra)*, where a conviction was reversed and a new trial ordered, is strikingly similar. There: "the evidence showed that defendant was arrested within minutes after his on-the-scene statements and immediately transported to the precinct, a distance of some 10 to 12 blocks, which took no more than five minutes to cover. Almost immediately upon his arrival at the precinct, defendant was given his *Miranda* warnings, whereupon he reiterated that he had borrowed the car from a friend. We cannot say that this chain of events indicates the definite pronounced break required by *Chapple* in order to permit introduction of defendant's precinct statements" *(id., p 910)*. Moreover, the presence of the same officer at both the taking of the suppressed statement and the later statement is deemed important *(see, People v Jones, supra; People v Johnson, 79 AD2d*

617, 618); and in the instant case La Chappelle was present throughout.

However, these authorities derive from Federal Law, particularly *Miranda*, and the United States Supreme Court has recently addressed the issue presented here and held, in *Oregon v Elstad* (470 US 298, 105 S Ct 1285), that: "A subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement. In such circumstances, the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice whether to waive or invoke his rights" *(supra,* pp —, 1296). That the suppression court quite properly could have so concluded in the case at bar is apparent from the record of the suppression hearing, for there is simply no evidence that defendant's statements were deliberately coerced or otherwise secured by improper tactics. In view of the change effected in New York law by *Oregon v Elstad (supra),* admission of defendant's post-*Miranda* statement into evidence was not improper *(see, People v Witherspoon,* 66 NY2d 973).

Defendant's other arguments, that the evidence of his guilt was inadequate, that remarks by the prosecutor were so prejudicial as to deprive defendant of a fair trial, and that the sentence imposed was excessive, are either unpreserved for review or devoid of merit.

Judgment affirmed. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.