■ The People of the State of New York, Respondent, v Juan A. Tirado, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 10, 1984, convicting defendant upon his

plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant asserts that County Court erroneously refused to suppress the evidence supporting his indictment which, he contends, was obtained in violation of his constitutional rights. On March 20, 1984, an anonymous call was received at the State Police barracks in Montgomery County informing them that defendant possessed cocaine. The police officer who answered the call thought he recognized the voice of an informer who had previously supplied reliable information. He also knew of the reputation of a Montgomery County man by the name of Tirado as a person involved in drugs and controlled substances. The caller provided police with defendant's name and a description of his physical characteristics and advised them that defendant would be arriving that day by bus in the City of Albany between 5:00 P.M. and 7:00 P.M. This information was passed on to the State Police in Albany County, who then notified the City of Albany Police Department.

Two Albany detectives went to the Albany bus station where they saw a person fitting the description given by the informant. They addressed defendant by the name supplied by the informant and, when he responded, they identified themselves as police officers. Defendant agreed to speak to the detectives. Because the detectives had been informed that defendant was on probation for assault with a knife, they frisked and handcuffed defendant, stating that they were doing this for their protection as well as defendant's protection. At that time, defendant acknowledged that he possessed cocaine but asserted that it was not his. Defendant was then informed of his *Miranda* rights. Defendant indicated that he understood his rights and again acknowledged that he had cocaine. Defendant then told the police that the cocaine was under his shirt, and they removed it from his possession. At defendant's booking, he was again advised of his *Miranda* rights. Again indicating that he understood his rights, defendant admitted that he possessed the cocaine.

Defendant was charged with criminal possession of a controlled substance in the first degree. Defense counsel moved to suppress defendant's inculpatory statements and the substance alleged to be cocaine which defendant was charged with possessing. County Court denied the motion to suppress, and defendant subsequently entered a plea of guilty to the reduced charge of criminal possession of a controlled substance in the second degree.

It is beyond cavil that, if a defendant has not been informed

of his *Miranda* rights, statements made by him in response to custodial interrogation by police cannot be introduced into evidence to establish his guilt *(see, e.g., Berkemer v McCarty,* 468 US 420, 434). The defendant must be both in "custody" and subject to police "interrogation" before he is entitled to the panoply of protections prescribed by *Miranda (People v Huffman,* 41 NY2d 29, 33). The definition of "custody" is elusive *(see, Oregon v Elstad,* 470 US 298, 309), and the fact that a person is handcuffed may not necessitate a finding of custody *(see, United States v Bautista,* 684 F2d 1286, 1289-1292, *cert denied* 459 US 1211). County Court found that the statement made by defendant prior to the recitation of his *Miranda* rights was proper and in accordance with CPL 140.50. However, if we were to determine otherwise, the failure to give *Miranda* rights does not necessarily taint defendant's subsequent admissions *(see, Oregon v Elstad, supra,* p 309; *People v Astor,* 116 AD2d 776). Defendant was informed of his *Miranda* rights before being taken to the police station and again at the station, prior to booking. After both warnings, defendant voluntarily repeated that he was in possession of cocaine. Additionally, information about the location of the cocaine was not supplied by defendant until after the *Miranda* warnings had been given. These subsequent admissions, and the evidence found as a result of them, are not constitutionally tainted since they were given when defendant was fully aware of his rights and had chosen to waive them *(see, Oregon v Elstad, supra).*

Defendant further contends that all incriminating evidence was obtained as a result of an illegal search and seizure. However, the detailed nature of the informant's information justified the consensual questioning of defendant by the police officers *(see, People v Roth,* 99 AD2d 626, 627).

We conclude that defendant's other contentions are without merit. The motion to suppress was properly denied.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.