■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD M. PREVILLE, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 20, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree.

Defendant was indicted and charged with the crime of criminal possession of stolen property in the first degree. After plea-bargain negotiations, defendant pleaded guilty to such charge with the understanding that he would not be sentenced as a persistent felony offender. Thereafter, County Court sentenced defendant to 3½ to 7 years' imprisonment.

Defendant's initial argument is that he was deprived of his right to effective assistance of counsel. The record does not support this contention. But for the plea bargain ultimately

arranged, in part, by his counsel, defendant could have been sentenced to a longer prison term as a persistent felony offender *(see,* Penal Law § 70.10), which he was, rather than to the prison term that he actually received *(see, People v Bonk,* 83 AD2d 695). Thus, viewing in totality the representation that defendant received, we cannot say that it was anything but effective *(see, People v Young,* 116 AD2d 922).

We likewise reject defendant's assertion that the sentence imposed upon him was harsh and excessive. As aforementioned, but for the plea bargain struck by defendant and the People, County Court could have sentenced defendant as a persistent felony offender. Instead, the court, adhering to the plea bargain, sentenced him as a second felony offender. Perceiving no abuse of discretion on the part of County Court in so doing, we do not now disturb the sentence imposed.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.