■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LEE LATSHAW, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 21, 1985, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

As a result of a burglary and shooting incident which occurred January 27, 1985 at a residence on West Hill Road in Chemung County, defendant, then 16 years old, was indicted and charged with attempted murder in the second degree and two counts of burglary in the first degree. After the denial of his motion to suppress oral and written statements made to law enforcement officers shortly after being taken into custody, defendant entered a plea of guilty to the attempted murder charge in full satisfaction of the indictment. He was thereafter sentenced to a term of 5 to 15 years' imprisonment.

On this appeal, defendant principally maintains that the failure of the interrogating officer to apprise him of his *Miranda* rights warrants suppression of the statements made. We disagree. The record establishes that once defendant was taken into custody, State Police Investigator William Freeman initiated the interrogation by identifying himself and asking defendant "if he understood what his constitutional rights might be". Defendant responded that he knew he had the right to remain silent, that anything he said could be used against him in a court of law, and he had a right to an attorney and that an attorney would be provided if he could not afford one *(see, Miranda v Arizona,* 384 US 436, 444). Freeman advised defendant that he correctly stated his *Miranda* rights and elaborated that his right to an attorney attached prior to any questioning. At this point, defendant indicated that he understood his rights and proceeded to make a full confession. Upon arrival at the police substation, defen-

dant was given a complete *Miranda* warning by another investigator, and a detailed written statement ensued.

Although the format followed was somewhat unorthodox, we cannot agree that Freeman's failure to specifically recite the *Miranda* warnings renders the statements made inadmissible. Contrary to defendant's argument, no ritualistic formality attends the *Miranda* warnings; rather, the essential inquiry is whether these rights have been clearly and adequately conveyed *(see, California v Prysock,* 453 US 355, 359). Defendant's recitation of his *Miranda* rights, coupled with Freeman's clarification, confirm that defendant was adequately informed and understood his constitutional rights. Moreover, the error, if any, in the procedure followed was essentially harmless in view of defendant's subsequent written statement, which indisputably was preceded by proper *Miranda* warnings and made without coercion *(see, Oregon v Elstad,* 470 US 298; *People v Witherspoon,* 66 NY2d 973, 974-975; *People v Tirado,* 117 AD2d 874, 876; *People v Astor,* 116 AD2d 776, 777-778, *lv granted* 67 NY2d 1050). It follows that County Court properly refused to suppress the statements.

Defendant's remaining contention that the sentence imposed was unduly harsh and excessive is unavailing. The sentence was within the scope of the statutory guidelines and the terms of the plea bargain. Given the wanton and callous nature of defendant's behavior, including the firing of a .22 caliber rifle at the owners of the residence where the burglary occurred without provocation, County Court in no way abused its discretion in sentencing defendant.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.