◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BANKOWSKI, Appellant.—Casey, J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered February 8, 1984, convicting defendant upon his plea of guilty of the crime of attempted arson in the first degree, and (2) by permission, from an order of said court (Turner, Jr., J.), entered July 17, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, without a hearing.

Defendant was charged with arson in the first degree, criminal mischief in the first degree and reckless endangerment in the first degree. The indictment arose from defendant's throwing an explosive device, described by defendant as a firecracker and by the prosecution as a one-quarter stick of

dynamite, at the home of a City of Cohoes Police Officer to annoy him because defendant resented his prior arrests and treatment by the Cohoes Police Department. The device exploded in front of a window of the officer's home and did some damage to it.

Following plea-bargaining negotiations, defendant entered a plea to attempted arson in the first degree in full satisfaction of the indictment. At the time, defendant acknowledged that he knew the crime was a class B felony and that he was to receive a prison sentence of 5 to 25 years. Subsequently, however, defendant received a sentence of 5 to 15 years when County Court discovered that the minimum term had to be one third of the maximum (Penal Law § 70.02 [4]). While his appeal from this conviction was pending before this court, defendant moved pursuant to CPL 440.10 in County Court to vacate his plea of guilty, claiming ineffective and improper representation by counsel. County Court denied the motion without a hearing, ruling that meaningful representation had been provided defendant by the negotiation of a favorable plea bargain and that the court would not review the propriety of the plea allocution on the motion since a direct appeal from defendant's conviction was pending.

Defendant's claim of inadequate representation by his counsel stems from an affidavit of Vincent De Palmo, a codefendant in an unrelated crime. This affidavit states that defendant's counsel knew before defendant's plea that De Palmo was acting as an undercover agent for the police in order to obtain admissions from defendant and that defendant's counsel failed to disclose this fact to defendant. De Palmo's affidavit is the only source of this claim. Inasmuch as the affidavit admits the attempt failed, defendant has not shown how such attempt affected the judgment (see, Strickland v Washington, 466 US 668, 691). It was defendant's burden to show affirmatively that, but for counsel's unprofessional errors, there was a reasonable probability that the outcome would have been different (see, supra, at 693-694). Further, in this regard, defendant claims that his counsel failed to advise him that the highest crime for which he was liable was attempted arson in the fourth degree, not attempted arson in the first degree, and also failed to advise him that he could not legally receive a prison sentence of 5 to 25 years, which was then promised.

In the absence of any prejudice as a result of the alleged concealment of the role of De Palmo by defendant's attorney (see, People v Modica, 64 NY2d 828), and considering defendant's beneficial plea bargain (see, People v Cogswell, 127

AD2d 871), we believe he received "meaningful representation" by his counsel (People v Baldi, 54 NY2d 137). County Court therefore properly denied defendant's motion pursuant to CPL 440.10 without a hearing.

As to defendant's direct appeal, County Court did not abuse its discretion in accepting defendant's plea. The allocution clearly shows that defendant understood the meaning and consequences of his plea, including the waiver of certain of his constitutional rights and the length and nature of the sentence to be imposed. Defendant contends that the court erred in accepting his plea because his statements at the time of his plea made clear that he only intended to annoy the officer when he threw the explosive device and did not intend to damage the house (see, People v Lebron, 68 AD2d 836). We disagree with this contention. The requisite intent for defendant's plea can be inferred from the acts which he admitted. Defendant's self-serving explanation of his motive is not at odds with the intent required for attempted arson in the first degree, since damaging a person's house would be an effective method of annoying him (see, People v McGowen, 42 NY2d 905).

As to County Court's misinformation regarding the length of defendant's sentence at the time of defendant's plea, we find no prejudice, since the illegal sentence discussed was not imposed. Furthermore, the sentence that was imposed was neither harsh nor excessive, considering that defendant had been indicted in three counts and had been allowed to plead to attempted arson in the first degree in full satisfaction of the indictment (see, People v Alvarado, 122 AD2d 429) and further considering defendant's previous criminal record. The judgment of conviction should be affirmed.

Judgment and order affirmed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.