■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PROBST, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 30, 1987, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant seeks reversal of his conviction upon the ground that his confession was obtained in violation of his constitutional rights and was not shown to be voluntary. In support of this claim, defendant relies largely upon his testimony at trial as to the events surrounding the taking of the confession. Although defendant had moved to suppress the confession before trial, the only witness to testify at the suppression hearing was the police officer who took the confession. Based upon the officer's testimony, County Court denied the motion. At trial, the officer again testified as to the events surrounding the taking of defendant's statement. The question of the voluntariness of his confession was submitted to the jury and defendant had no objection to the instructions which accompanied that submission. Since there were discrepancies in the versions presented by defendant and the police officer, the jury was confronted with a question of credibility, which it presumably resolved in favor of the People. Accordingly, the evidence must be viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620).

Relying upon People v Campbell (81 AD2d 300), defendant contends that although he was advised of and understood his Miranda rights, he never waived those rights and was coerced into confessing by interrogative pressures that, when coupled with defendant's youth and lack of education, effectively un-

dermined his free will. In *People v Campbell (supra),* the police administered the *Miranda* warnings to a defendant placed in custody on the roof of a building where a shooting had occurred. Immediately thereafter, the officer displayed a gun which had been found nearby and said, " ' "I will take these fingerprints off this gun, and if it is your gun, you ought to tell us" ' " *(supra,* at 302). An inculpatory statement ensued. The *Campbell* court recognized that there need not be an express waiver by the defendant of his constitutional rights *(see, People v Giano,* 143 AD2d 1040, 1041), but held that the police conduct following the *Miranda* warnings "interfered with the defendant's right to freely determine whether he would waive his constitutional rights by injecting a threat to subject the weapon to fingerprint analysis in order to induce him to make such [a] waiver" *(People v Campbell, supra,* at 306-307). Defendant maintains that the police conduct herein was substantially the same as in *Campbell,* since the police told him that they had enough evidence to convict him even if he did not confess, that he faced 15 to 25 years in prison and that "things would go easier on him if he cooperated".

Assuming that the *Campbell* case *(supra)* has not been implicitly overruled *(see, People v Sirno,* 151 AD2d 621), we are of the view that this case is readily distinguishable. As previously noted, the evidence must be viewed in the light most favorable to the People, which does not include the coercive tactics testified to by defendant. The statement was taken at the police station after several months of investigation. Defendant's stepfather was in the room. Defendant was given a voluntary statement form which contained the *Miranda* warnings. He read a portion of the form aloud and the rest to himself. He stated that he understood his rights and, in response to the officer's inquiry, stated that he had no questions about his rights. There followed a conversation in which defendant denied any involvement in the crime under investigation. The officer then told defendant that he had a statement from an individual implicating defendant in the robbery, and he showed defendant a football jersey that had been found near the scene of the robbery. Defendant replied, "Well, I guess you know all about it, so I might as well tell you." The inculpatory statement followed, which included details about the crime that only the perpetrator would have known.* In

---

* Defendant's claim that he learned these details when he overheard a conversation between a now-deceased acquaintance and an unknown person was obviously rejected by the jury.

these circumstances, there was ample proof for the finding that defendant waived his constitutional rights and voluntarily confessed to having committed the robbery (see, *People v Rivera*, 135 AD2d 755, *lv denied* 71 NY2d 901; *People v Latshaw*, 123 AD2d 479; *People v Paige*, 120 AD2d 808). Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.