■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GIVENS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction for conspiracy in the second and fourth degrees. He contends that the evidence was legally insufficient to prove that he entered into an illicit agreement; that count twelve of the indictment was insufficient because it failed to allege that the underlying felony was a class A felony and that this deficiency could not be remedied by amendment; that County Court abused its discretion in denying defendant's motion for a severance; and that the sentence is harsh and excessive.

Proof of conspiracy requires evidence that defendant entered into an agreement, either express or implied, to commit a crime *(People v Berkowitz,* 50 NY2d 333, 343; *People v Mackell,* 47 AD2d 209, 213, *affd* 40 NY2d 59). The fact of agreement may be established inferentially by circumstances indicating that defendant engaged in a common effort or acted in concert with others to achieve a common goal *(Hamling v United States,* 418 US 87, 124; *People v Silverman,* 252 App Div 149, 174). Although, as defendant contends, evidence that one merely recommended a particular source of drugs to a prospective buyer or directed him to that source is not sufficient to prove a conspiracy to sell the drugs *(People v*

*Lindsey,* 16 AD2d 805, *affd* 12 NY2d 958; *cf., People v Gordon,* 32 NY2d 62), the evidence in the instant case, viewed in the light most favorable to the People, reveals more than the recommendation of a source. During their first meeting, the prospective buyer, a police informant, told defendant that he wanted to purchase a quarter-ounce of cocaine. Defendant responded that he did not have any cocaine and would have to contact his brother Calvin, who ultimately negotiated and completed the sale. On a subsequent occasion, defendant assured the informant and his companion, an undercover DEA agent, that the companion would receive the same favorable treatment in obtaining cocaine that the informant had received. On both occasions, defendant directed others to contact Calvin so that the sales could take place. The evidence was sufficient to warrant the inference that defendant was part of a common effort to sell cocaine.

The trial court did not err in permitting the People to amend the indictment to refer specifically to the underlying crime as a class A felony. An indictment alleging conspiracy is sufficient where, as here, it specifically refers to the statute alleged to have been violated and where the allegations, including the overt acts alleged, set forth the elements of the crime *(People v Cohen,* 52 NY2d 584, 586; *People v Saft,* 29 AD2d 618, *affd* 28 NY2d 964).

The motion for a severance was properly denied. A joint trial is permitted where all of the offenses charged are based upon a common scheme or plan (CPL 200.40 [1]; *People v Israel,* 148 AD2d 637, *affd* 75 NY2d 972). Defendant made no claim that he might need his codefendant's testimony for his defense *(see, People v Nelson,* 147 AD2d 774, *lv denied* 74 NY2d 794), and the quantum of evidence against each defendant was not so disparate as to deny defendant a fair trial *(see, People v Griffin,* 135 AD2d 730).

Defendant contends that the sentence is harsh and excessive in light of defendant's limited involvement in the criminal venture and by comparison with the sentences imposed upon codefendants. There is no merit to that contention. The legislatively-established range of punishment for the crime of conspiracy implicitly includes the fact that defendant is being punished for the agreement, not for the more serious underlying crime. Further, there is no requirement that defendants in similar circumstances be sentenced equally *(People v Brown,* 136 AD2d 1, *lv denied* 72 NY2d 857, *cert denied* 488 US 897; *People v Burgh,* 94 AD2d 925), and where the court gains additional information concerning the criminal conduct dur-

ing the course of trial, imposition upon the defendant of a sentence harsher than that imposed upon those who pled is not improper *(People v Williams,* 51 NY2d 803). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Conspiracy, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.