■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SHAPARD, Appellant. [606 NYS2d 103] —White, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 29, 1992, convicting defendant upon his plea of guilty of the crimes of robbery in the

---

first degree (two counts), burglary in the first degree (four counts), criminal use of a firearm in the first degree (four counts) and kidnapping in the second degree.

Defendant's contention on this appeal is that County Court erred in not ordering a competency hearing prior to the imposition of the sentence. Such a hearing is required by CPL 730.30 (1) when the court is "of the opinion that the defendant may be an incapacitated person".

Here, eight days before sentencing, defendant was transferred from Columbia County Jail to Rochester Regional Psychiatric Center (hereinafter the Center) following incidents of disruptive behavior and threats of suicide. Prior to the imposition of the sentence, County Court reviewed the record from the Center which indicated that defendant, at most, was depressed and presented no evidence of psychotic symptomatology or delusional behavior. This information was supplemented by defense counsel's statement that he had spoken with the staff psychiatrist at the Center who indicated that he believed defendant to be competent. Defense counsel also indicated that in his view there was no issue regarding defendant's competency. Lastly, after conferring with his counsel, defendant indicated that he wanted the sentencing to go forward and then proceeded to deliver a rational statement in his behalf. In our view County Court did not err in failing to hold a competency hearing as there is nothing in this record indicating that defendant was incapable of understanding the charges against him or participating meaningfully in his defense *(see, People v Claudio,* 183 AD2d 945; *People v Simmons,* 182 AD2d 1018; *People v Palmer,* 143 AD2d 469, *lv denied* 73 NY2d 858).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.