■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVAIN C. TURCOTTE, Appellant. [675 NYS2d 443] —Peters, J. Appeals (1) from a judgment of the County Court of Saratoga County (Berke, J.), rendered September 23, 1994, upon a verdict convicting defendant of two counts of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered October 27, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for murder in the second degree arising out of a double homicide in which his wife and mother-in-law were killed. In the early morning hours of Saturday, November 6, 1993, defendant left his home, armed with a 12-gauge shotgun, and drove to his mother-in-law's residence where she, along with his wife, were sleeping. Entering through the unlocked front door, defendant bumped into a coffee table, causing his wife to come to the top of the stairs to investigate. Upon seeing her, defendant shot her in the head. Defendant then walked over her body, ascended the stairs and shot his mother-in-law, killing them both instantly.

During his drive back to his residence, defendant became involved in an automobile accident which damaged his car and caused a flat tire. Receiving a ride to his residence and having a friend assist him in the retrieval of his car, he returned home

only to be visited, after discovery of the decedents, by Senior Investigator James Horton of the State Police and two other investigators. Defendant spoke with police in his home for about 45 minutes and thereafter agreed to accompany them to the State Police barracks. Before Horton left the residence, he noticed a drop of blood on the foyer floor and a shotgun in a gun cabinet, as well as ammunition that appeared to match the shotgun casing found at the crime scene.

At the police barracks, defendant was cooperative and responsive to questioning, being offered food and drink as well as snuff. He was repeatedly read his *Miranda* rights but never requested a lawyer. After orally confessing to both murders, he signed a seven-page statement describing his conduct. After obtaining a search warrant, the police searched his residence and found the shotgun, a Reebok sneaker which matched the footprints left at the scene of the crime and other incriminating evidence.

Following a jury trial, defendant was found guilty of two counts of murder in the second degree and was sentenced to consecutive terms of imprisonment of 25 years to life for each count. Upon a motion to vacate the judgment of conviction, County Court, concluding that the totality of the circumstances indicated that defendant had received effective assistance of counsel, denied the motion without a hearing. Upon these appeals, defendant contends that he was denied effective assistance of counsel by the failure to challenge the search warrant application, that the County Court failed to suppress his confession and, further, that there was error in the denial of his motion to vacate his conviction without a hearing.

Addressing first the claim of ineffective assistance of counsel predicated upon a failure to challenge the "palpable weaknesses" in the application for the search warrant, as well as the failure to attack the procedure allegedly employed by the Town Justice who issued the warrant, we find no merit. Both *Huntley* and *Mapp* hearings were held. Thereafter, defense counsel made an unsuccessful oral motion to suppress all seized evidence. At the *Huntley* hearing, extensive testimony was propounded regarding the questioning of defendant and the treatment he received prior to his signing of the confession; defendant neither testified nor propounded the testimony of any witnesses concerning the issues raised therein. Following such hearing, County Court concluded that defendant had been advised of his *Miranda* rights, voluntarily accompanied the police officers for questioning, was neither coerced nor intimidated, and had intelligently and knowingly confessed to the crimes.

The *Mapp* hearing revealed that the search of defendant's residence was conducted pursuant to a warrant issued by a Town Justice as well as upon the consent of defendant. Despite the fact that there was no specific challenge to the search warrant application County Court specifically reviewed the conduct of the police, the sworn statements appended to the application and the procedure utilized. The court concluded that the warrant was based upon both personal observations and supporting depositions and, further, was issued upon probable cause in proper form with all of the requisite information (*see*, CPL 690.45).

Upon our review of the totality of the circumstances at the time of representation (*see*, *People v Baldi*, 54 NY2d 137, 147), we find no viable contention alleging ineffective assistance of counsel based upon a failure to challenge the search warrant application. Contrary to defendant's contention, the issuing court's failure to record or summarize the oral testimony of the investigator who appeared in support of the application is not, in and of itself, sufficient to conclude that the warrant was defective (*see*, *People v Dominique*, 229 AD2d 719, *affd* 90 NY2d 880; *see also*, *People v Taylor*, 73 NY2d 683).

Similarly without merit is defendant's contention that County Court erred in failing to suppress his confession. Notably, all witnesses who testified at the *Huntley* hearing were law enforcement officers. While defendant did not testify at the *Huntley* hearing, he did testify at trial. His contradictory testimony merely created a credibility issue for the jury, which it resolved in favor of the People (*see*, *People v Taylor*, 223 AD2d 933, 935, *lv denied* 88 NY2d 854; *People v Probst*, 157 AD2d 919). Upon our review, we agree that the prosecution met its burden of proving that the confession was voluntary beyond a reasonable doubt (*see*, *People v Anderson*, 42 NY2d 35, 38-39; *People v Huntley*, 15 NY2d 72, 78).

As to the denial of the motion to vacate the judgment of conviction without a hearing (*see*, CPL 440.10), again we find no error. Notably, County Court denied the motion in a lengthy decision and order in which it reviewed, *inter alia*, the facts and circumstances presented, emphasizing that the Justice determining the motion had presided not only at the trial, but also at the *Mapp* and *Huntley* hearings. As "the purpose of a CPL article 440 motion 'is to inform a court of facts not reflected in the record and unknown at the time of the judgment' " (*People v Berezansky*, 229 AD2d 768, 771, *lv denied* 89 NY2d 919, quoting *People v Donovan*, 107 AD2d 433, 443, *lv denied* 65 NY2d 694), the consistent review by the court with

defendant's proffer of what we find to be speculative and conclusory allegations support the determination not to hold a hearing.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.