■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LOOMIS, Appellant. [683 NYS2d 306] —Mercure, J. P. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered March 3, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted robbery in the first degree, without a hearing.

Defendant was arrested and charged with the crime of robbery in the first degree after he and a codefendant beat an individual with a tire iron and a length of chain and then stole the victim's duffel bag containing an electronic game and assorted video game cartridges. Pursuant to a plea bargain, defendant pleaded guilty to a reduced charge of attempted robbery in the first degree, waiving his right to appeal from the ensuing judgment of conviction. He was then sentenced to a prison term of 5 to 10 years. Defendant thereafter filed the instant motion pursuant to CPL 440.10, seeking to vacate the judgment of conviction and set aside his sentence on the ground that he was denied the right to effective representation of counsel (see, CPL 440.10 [1] [h]). County Court denied the motion without a hearing, giving rise to this appeal.

Our review of the record does not support defendant's contention regarding ineffective assistance of counsel. Defense counsel negotiated an advantageous plea bargain on defendant's behalf, significantly reducing his exposure to a lengthy prison term, i.e., he could have received a sentence of 12½ to 25 years if he had been convicted of robbery in the first degree, the crime with which he was originally charged (see, People v Lynch, 156 AD2d 884, 885, lv denied 75 NY2d 921). The record discloses, in addition, that defendant was afforded ample time to confer with defense counsel prior to entering his guilty plea and that he was fully informed by him of the potential ramifications thereof (see, People v Berezansky, 229 AD2d 768, lv denied 89 NY2d 919).

Defendant's assertion that County Court erred by deciding his CPL 440.10 motion without a hearing is also rejected. A hearing was unnecessary as County Court could adequately review the matter based upon the contents of the record and the motion papers (see, People v Satterfield, 66 NY2d 796, 799). Notably, the Judge who determined the motion under review also presided over defendant's plea and sentencing hearings and so may be presumed to have been fully familiar with all

aspects of the case (*see, People v Turcotte*, 252 AD2d 818, 820). Defendant has failed to demonstrate that any material evidence has become available since the time of his conviction that would have warranted an additional hearing before County Court (*see, id.*). Defendant's remaining contentions have been examined and found to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed.