THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant, *v.* ·STATE TAX COMMISSION, Respondent.

Third Department, December 29, 1919.

Highways — abandonment — travel by pedestrians sufficient· to maintain existence of highway within section 234 of Highway Law — failure of city to construct sidewalks does not deprive pedestrians of right to use street

City streets which are traversed longitudinally by a railroad, and which have been continuously traveled by pedestrians, have not ceased to be highways under section 234 of the Highway Law, although portions of said streets have been in such condition by reason of the occupancy of the railroad that they could not be traveled with teams or vehicles.

It is not essential to the existence of a street that it shall be at all times subject to passage by vehicles.

The failure of a city to construct sidewalks on a street does not deprive pedestrians of the right to use it.

APPEAL by the relator, New York, Ontario and Western Railway Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 6th day of August, 1919, upon the report of a referee dismissing a writ of certiorari issued to review an assessment of a special franchise of the relator and confirming said assessment.

*C. L. Andrus,* for the appellant.

*Charles D. Newton,* Attorney-General [*B. C. Turner,* Deputy *Attorney-General,* of counsel], for the respondent.

COCHRANE, J.:

In February, 1917, the State Tax Commission assessed the relator on its franchise to operate its railroad in the streets of the city of Utica. Such assessment included the use of Hamilton street between Sunset avenue and Thorn street and Water street between Genesee street and Seneca street.

In the year 1914 a proceeding similar to this was instituted by the relator against the predecessors in office of the present State Tax Commission to review special franchise assessments against the relator for the year 1909 in reference to said streets. It was judicially determined in that proceeding that such assessments were lawfully made. Such determination establishes the existence of the streets as public highways of the city in the year 1909. There has been since that time no change in the occupancy or use of either street except that the relator contends that they had not been traveled or used as highways for six years prior to February, 1917, the time of the assessment in question and consequently that they had ceased to be highways under section 234 of the Highway Law (as amd. by Laws of 1915, chap. 322), which provides that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway." This is the only question left open for consideration.

The length of Hamilton street for the distance under consideration is 2,647 feet and of Water street 1,029 feet. The

railroad traverses both streets longitudinally. They are, however, intersected at intervals by lateral streets. The effort of the relator before the referee was mainly to establish that the streets were in such condition by reason of the occupancy of the railroad that they could not be traveled with teams or vehicles. That effort was successful as to some portions of the streets. But it appears that both streets throughout the entire distances under consideration have been continuously traveled by pedestrians. Such travel is sufficient to maintain the existence of the streets. So it was held in *Mangam* v. *Village of Sing Sing* (26 App. Div. 464), where Mr. Justice CULLEN says: "The appellant's contention is that this walk for pedestrians was not sufficient to take the case without the statute concerning the abandonment of highways, and that the *locus in quo* must at all times be subject to passage by vehicles or it ceases to be a highway. To this proposition we do not assent. We know of no provision of law which requires the whole width of a highway to be rendered traversable by teams or vehicles, or provides that such parts as are not used by teams and wagons shall be considered abandoned." That case was affirmed on the opinion below in 164 New York, 560.

The relator cites the case of *Town of Leray* v. *New York Central Railroad Company* (226 N. Y. 109). That case recognizes the principle that the use by pedestrians of a highway is a sufficient use to prevent its discontinuance. It held that under the circumstances there existing such use was insufficient because it did not follow the lines of the existing highway and also because it involved a violation of section 83 of the Railroad Law which prohibits a person from walking " upon or along " the track of a railroad " except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same." In this case the tracks were laid along the streets, and walking " along " the same was not, therefore, prohibited by the said statute, but only walking " upon the track unless necessary to cross the same." There is evidence that people walked " along " the track as they had a right to do and which right did not exist in the case cited. If the city had constructed sidewalks along these streets no question

could exist as to the propriety of their use. The failure to do so did not deprive pedestrians of the right to use them as streets, and that they were so used within the period of six years prior to the assessment in question is established by the evidence.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.