OPINION OF THE COURT
Nicholas Colabella, J.
Defendant is charged with driving while intoxicated under Vehicle and Traffic Law § 1192 (2) and (3) in the Village Court of the Village of Scarsdale, New York. These crimes allegedly occurred on or about October 5,1984. Defendant now moves by order to show cause in this court for removal of the pending charges from the Village Court of the Village of Scarsdale, New York, to the Town Court of the Town of Eastchester, New York, pursuant to CPL 170.15, or, in the alternative, that the defendant be prosecuted by indictment in the County Court of Westchester pursuant to CPL 170.25. For the reasons stated in this court’s decision in People v Tamboia (Sup Ct, Westchester County, index No. 84-9309), the motion to remove and transfer the instant case from the Village Court of the Village of Scars-dale to the Town Court of the Town of Eastchester is granted.
The matter is transferred to the Eastchester Town Court and the clerk of the Scarsdale Village Court is directed to forward all papers regarding this defendant to the Eastchester Town Court forthwith.
Additionally, this court makes the following observations in respect to the instant case and cases similar thereto. The superior courts in this county have split in respect to the relief requested herein. In addition, the inferior courts in this county *881 have split in respect to the disposition of driving while intoxicated charges.
The question of the judiciary’s role in the plea bargaining process is brought into play with the instant fact pattern. CPL article 220* permits a defendant to plead guilty to a lesser charge “with both the permission of the court and the consent of the people”. (CPL 220.10 [3].) There can be no question that a court can reject a plea to a lesser count but such rejection should be supported by the facts and by the law. A blanket policy as enunciated by the lower court Judge in this case draws into question the propriety of a court’s categorical rejection of proffered pleas which both the prosecutor and the defendant are willing to enter, a fortiori, when the prosecutor offers the reduced plea in the first instance.
The judicial role in plea bargaining is that of overseeing and supervising the delicate balance of public and private interests. The court is to act as an impartial referee and not as an advocate. (People v Cruz, 100 AD2d 518 [1984].) This posture keeps the court within the scope of the separation of powers doctrine, under which the executive branch, represented by the prosecutor, has the primary responsibility for determining which violations of the law shall be prosecuted. (People v Selikoff, 35 NY2d 227 [1974].)
The dual consent provisions of CPL article 220 permit a court to fulfill its role. It protects the integrity of the plea bargaining process from the potential for corruption caused by off-the-record promises, representations, and the like. As a result thereof, it protects a defendant’s rights by permitting judicial inquiry into the voluntariness of the plea. It is a necessary salutary check against the danger of abuse in a highly sensitive area of the administration of criminal justice. (People v Selikoff, supra.) The court’s permission is also required to protect the public interests. For this purpose, a court may reject a plea that is excessively lenient and which deprives it of its sentencing powers. It must be noted that decisions in respect to what charges are to be brought against a defendant are primarily the function of the executive, that is, the District Attorney. This power is balanced by the judiciary, in whom exclusive control over sentencing is vested. The struggle to maintain a balance between these two overlapping powers has received much attention. It will suffice here to note that neither function may be exercised so as to undermine or unduly impair the other. (People v Selikoff, supra.)
*882 The United States Supreme Court has recognized plea bargaining as both an essential and desirable part of the criminal justice system. (Santobello v New York, 404 US 257, 261 [1971].) The benefits of plea bargaining are obvious: the relief of court congestion, alleviation of the risks and uncertainties of trial, and its information gathering value.
Plea bargaining, which is an exercise of prosecutorial and judicial discretion, enables sentences to be tailored to both the offense and the offender. A Judge who announces that her future actions will be dictated by policy fails to exercise any discretion and makes no allowance for this fundamental precept of our system of justice. In essence, a Judge who announces a firm policy waives the benefits of plea bargaining arbitrarily, and without deliberation. She renders CPL article 220 meaningless. This is clearly contrary to the legislative intent in respect to drunk driving cases. It is fundamental that a Judge should not replace her judgment for that of our Legislature, regardless of the “propriety, wisdom, necessity, adequacy, efficacy, utility, desirability [or] expediency * * * of [that] legislation”. (20 NY Jur 2d, Constitutional Law, § 72.)
The policy of rejecting pleas in driving while intoxicated cases is an improper exercise of judicial discretion. The categorical rejection of certain types of pleas is by its nature an impermissible infringement on the prosecutorial function. It is not within the court’s inherent power to instruct the prosecutor regarding his plea bargaining posture. An established policy has precisely this effect. It renders prosecutorial discretion with regard to the type of plea involved meaningless thus forcing the prosecutor to revise his procedures to conform with the court’s wishes. An announced policy also runs contrary to the purposes of plea bargaining. A legitimate goal of a prosecutor’s charging decision is to avoid the stigma of a particular conviction to a particular defendant. The prosecutor, it should be noted, is in the best position to determine whether resources should be devoted to trials of drunk driving cases or elsewhere. A blanket policy of rejecting these pleas obviates both the need for prosecutorial discretion and the goal of individualized sentences and justice.
Moreover, notwithstanding the importance of keeping drunk drivers off the road, the Legislature has not deemed it appropriate to prevent plea bargaining in driving while intoxicated cases. The reason for this is obvious. The Legislature has deemed it undesirable and not in the public’s best interests to impose across-the-board restrictions on plea bargaining. (1975 NY Legis Ann, at 479; 1976 NY Legis Ann, at 395 [rigid plea *883 bargaining restrictions on all class A, B and. C felonies criticized for unduly restricting the discretion of the court and the prosecutor, which is necessary if each case is to be judged on its individual merits and injustices are to be avoided].)
The legislative response to the problem of drunk driving has been to increase the penalties for driving while intoxicated and to require that a person charged under Vehicle and Traffic Law § 1192 (2), (3) or (4) must at least plead guilty to subdivision (1). Section 1196 specifically states that a driver may be convicted of subdivisions (1), (2) or (3) notwithstanding that he is charged with a violation of Vehicle and Traffic Law § 1192 (2) or (3) and regardless of whether or not such conviction is based on a plea of guilty. Thus, by forbidding plea bargaining in driving while intoxicated cases, then, the court is not only interfering with the function of the prosecutor but is also invading the province of the Legislature.
The announced policy of the local court Judge also runs afoul of the Code of Judicial Conduct adopted by the New York State Bar Association, effective March 3, 1973. (For rules governing judicial conduct see, Rules of State Commn on Judicial Conduct, 22 NYCRR 7000.1 et seq.; also, Edwards, Commentary on Judicial Ethics, 38 Fordham L Rev 259.)
The Code of Judicial Conduct, Canon 3 (A) (1) requires that a judge be “unswayed by partisan interests, public clamor, or fear of criticism.” This section is particularly relevant because drunk driving cases have received much publicity in recent times and there is no doubt tremendous pressure placed upon judges in the courts to come down hard on drunk drivers. The obvious way for a judge to respond to this public clamor is for her to devise and make a public announcement of a fixed policy of refusing to allow plea bargaining in driving while intoxicated cases.
Such a so-called announced policy also violates Code of Judicial Conduct, Canon 3 (A) (6) which states, inter alia, “A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court” (emphasis added).
It is obvious that the local court Justice in the instant case by announcing its “policy” is making a “public comment about a pending or impending proceeding in [her] court”.
*884 The Code of Judicial Conduct is further violated when an “announced policy” renders the Judge disqualified where his or her impartiality might reasonably be questioned. In this respect the language tracks that contained in 28 USC § 144 which governs, generally, the conduct of Judges in the Federal courts. Federal Judges have been disqualified where they have made pretrial comments or have indicated an announced policy indicating a fixed view as to proper punishment for a particular type of crime or particular class of offenders.
Where, for example, a Judge announced that he felt a duty to pressure conscientious objectors into submitting to induction and that he had a uniform policy of imposing a 30-month sentence in such cases, he erred in refusing to recuse himself from the trial of a case on the failure of a defendant to submit to induction. Such a policy gives support to the charge of a bent mind that could prevent an impartial conduct of the trial. (United States v Townsend, 478 F2d 1072 [3d Cir 1973]; United States v Thompson, 483 F2d 527 [3d Cir 1973].)
This court analogizes the actions of the Judges in the Townsend and Thompson cases (supra), with the actions of the lower court Justice in the instant case and finds that her bias against the class of persons charged with drunk driving offenses disqualifies her from presiding over drunk driving cases. In this connection, see also, Code of Judicial Conduct, Canon 2 (A), which requires, inter alia, that a judge “conduct himself at all times in a manner that promotes public confidence *** and impartiality of the judiciary”.
The foregoing constitutes the decision and order of this court.

 Article 220 obtains with respect to superior courts, a fortiori in respect to inferior courts.