■ HUDSON RIVER RAFTING COMPANY, INC., Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant, et al., Defendant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Ford, J.), entered April 5, 1988 in Saratoga County, which, *inter alia,* granted plaintiff's motion for a preliminary injunction.

Plaintiff provides rafting trips for a fee on the Sacandaga River during the summer months. Since 1982, plaintiff and its customers have gained access to the river over the Stewart Bridge Road in defendant Town of Hadley, Saratoga County. The bridge spanning the river apparently was taken out of service during the 1940s and was removed in the 1960s. The road leading to the bridge was maintained by Saratoga County until 1967 when a .54-mile section terminating at the river

was abandoned to the town. In 1986, defendant Niagara Mohawk Power Corporation, which had many years earlier purchased property abutting the road, commenced an action against the town seeking a declaratory judgment that the road had been abandoned (Highway Law § 205 [1]). There is no indication in the record that any notice was given to plaintiff concerning this action. The town defaulted and Supreme Court entered judgment declaring that the road was abandoned and that ownership vested in Niagara Mohawk, which thereafter erected a fence across the road to prevent access to the river.

Plaintiff then commenced this action seeking, *inter alia,* a declaration that the road had not been abandoned, as well as a preliminary injunction enjoining Niagara Mohawk from interfering with plaintiff's rafting business and ordering removal of the fence. In June 1987, Supreme Court granted a temporary restraining order enjoining defendants from interfering with plaintiff's rafting operation or use of the road and requiring removal of the fence. It appears that the fence was not immediately removed so plaintiff dismantled it. Thereafter, Supreme Court granted a preliminary injunction restraining defendants from interfering with plaintiff's use of the road to conduct its rafting business. From the order entered thereon, Niagara Mohawk appeals.

Initially, we will not give preclusive effect to the 1986 judgment between Niagara Mohawk and the town so as to prevent litigation in this action on whether the road has been abandoned. The invocation of collateral estoppel requires identicality of issues in the actions and a full and fair opportunity to contest the issues in the prior action *(see, e.g., Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 266). Because of the default in the 1986 matter, the issue of the road's abandonment was not actually litigated so there is no identity of issues between the prior action and the instant one *(supra,* at 267-268). Moreover, plaintiff's failure to participate in or even to have been given notice of the prior action prevents a finding that it had a full and fair opportunity to litigate in the earlier action *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501). Thus, collateral estoppel is not applicable.

It is appropriate, then, to address the propriety of Supreme Court granting the preliminary injunction, which is a drastic remedy issued only when the moving party establishes a clear right to the relief under the law and undisputed facts *(see, e.g., First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926). Among other things, the movant must demonstrate a likeli-

hood of ultimate success on the merits *(Grant Co. v Srogi,* 52 NY2d 496, 517; *Clark v Cuomo,* 103 AD2d 244, 245, *affd* 66 NY2d 185). In this case, plaintiff's supporting papers indicate that it has used the disputed road since 1982. But plaintiff's only proof concerning the road's use between 1967 and 1982 is the affidavit of its president stating, upon information and belief, that the road was used by rafters, hunters, other sportsmen and the general public during these years. Niagara Mohawk's papers tend to indicate that the road has not been maintained or used since 1970. Thus, there is a conflict over whether the road was abandoned by the town, an issue which apparently turns on the precise parameters of any use *(see, e.g., Town of Leray v New York Cent. R. R. Co.,* 226 NY 109; *People ex rel. New York, Ontario & W. Ry. Co. v State Tax Commn.,* 190 App Div 73). In view of this conflicting proof and the nature of the law to be applied, we do not believe that plaintiff has established a likelihood of success on the merits *(see, Nalitt v City of New York,* 138 AD2d 580, 581). Therefore, Supreme Court abused its discretion in granting the preliminary injunction. We find no reason to address the other matters raised at this time.

We note that this action has been pending since at least June 1987 and plaintiff apparently has operated for the past two summers pursuant to a temporary restraining order and the preliminary injunction. It seems to us that a trial resolving the factual issues would be an appropriate solution to this dispute and that the parties should devote themselves to this end, especially after almost two years of preliminary posturing, including this appeal.

Order modified, on the law and the facts, with costs to defendant Niagara Mohawk Power Corporation, by reversing so much thereof as granted a preliminary injunction restraining said defendant from interfering with plaintiff's rafting operations at and use of the disputed Stewart Bridge Road, and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.