JACK KUTTNER et al., Respondents, v MARIO M. CUOMO, as
Governor of the State of New York, et al., Appellants.

Third Department, June 15, 1989

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Denise A. Hartman* and *Peter H. Schiff* of counsel), for appellants.

*Mossberg, Rappaport & Glotzer, P. C. (Brian C. Rappaport* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

This action involves a challenge to the Ethics in Government Act (L 1987, ch 813) (hereinafter the Act).[1] Plaintiffs are attorneys who were State officers or employees (Public Officers Law § 73 [1] [i] [iii]) and are now in private practice. Under Advisory Opinion 88-1 of the State Ethics Commission (hereinafter Commission), plaintiffs are subject to the Act's revolving door provisions because they left State service before January 1, 1989. They commenced this action seeking a declaration that Public Officers Law § 73 (8) is unconstitutional or, in the alternative, an injunction prohibiting the Commission from enforcing Advisory Opinion 88-1. Plaintiffs allege that Public Officers Law § 73 (8) is not applicable to State officers and employees who left State service before January 1, 1989. Plaintiffs also claim that section 73 (8) includes an improper

---

1. The Act's background and provisions, as well as pertinent surrounding circumstances, are addressed in *Forti v New York State Ethics Commn.* (147 AD2d 269 [decided herewith]) and are applicable here. For the sake of brevity, we see no reason to repeat our discussion here.

delegation of the legislative function by allowing State agencies to adopt more restrictive revolving door standards regulating practice before them. Plaintiffs also allege that Public Officers Law § 73 (14) violates the separation of powers doctrine by granting to the Commission the authority to determine when violations of the Act are to be criminally prosecuted. Plaintiffs further allege that Public Officers Law § 73 (8) violates equal protection and is ex post facto in nature. By order to show cause, plaintiffs moved for a preliminary injunction restraining enforcement of section 73 (8) against State officers and employees who left State service prior to January 1, 1989. Supreme Court granted the preliminary injunction, holding that section 73 (8) was not intended to be applied retroactively to State officers and employees who left State service before January 1, 1989 and was ex post facto in nature. Defendants appeal from the order entered thereon.[2]

■ A preliminary injunction is a drastic remedy which should be issued sparingly *(see, e.g., Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp.,* 148 AD2d 856, 857) and certainly only when the moving party establishes "(1) the likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities" *(Grant Co. v Srogi,* 52 NY2d 496, 517). In considering whether a preliminary injunction was properly issued, our review is limited to whether Supreme Court abused its discretion *(see, Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp., supra).*

Addressing the likelihood of success on the merits of plaintiffs' various claims, we first note that in *Forti v New York State Ethics Commn.* (147 AD2d 269 [decided herewith]), we decided that Public Officers Law § 73 (8) is applicable to State officers and employees who left State service before January 1, 1989 and that the different revolving door provisions for State officers and employees than for legislators and legislative employees do not violate equal protection. Thus, plaintiffs are not likely to prevail on the merits of these contentions. Plaintiffs other equal protection challenge focuses on the less onerous revolving door provisions for former legislative super-

---

2. By order dated March 6, 1989, we vacated the CPLR 5519 stay of enforcement of Supreme Court's order.

visory employees than for other covered employees,[3] but based on our analysis in *Forti*, this contention is not likely to succeed. Legislative supervisory employees by definition have little or no substantive involvement in the development or passage of legislation and, therefore, could be perceived as requiring fewer or less onerous revolving door restrictions in order to deter unethical conduct than legislative employees and legislators who are substantively involved in the legislative process. Accordingly, the rational basis described in *Forti* would be applicable to the different treatment of legislative supervisory employees so that plaintiffs' challenge in this regard is not likely to succeed.

■ Plaintiffs' claim that Public Officers Law § 73 (8) violates the US Constitution's Ex Post Facto Clause (US Const, art I, § 10) is also not likely to succeed, contrary to Supreme Court's determination. "The *ex post facto* prohibition forbids * * * the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed' " *(Weaver v Graham,* 450 US 24, 28, quoting *Cummings v State of Missouri,* 4 Wall [71 US] 277, 325-326; *see also, People v Hudy,* 73 NY2d 40, 48). Here, section 73 (8) is prospective in nature *(see, Forti v New York State Ethics Commn., supra)* and thus does not seem to constitute the type of enactment prohibited by the Ex Post Facto Clause. Moreover, the limited restrictions on plaintiffs' practicing of their profession are not the types of punishment proscribed by the Ex Post Facto Clause *(see, e.g., United States v Nasser,* 476 F2d 1111; *see also, Canteline v McClellan,* 282 NY 166, 172 [discussing *Hawker v New York,* 170 US 189]).

■ As to plaintiffs' improper delegation of authority claim, we find little chance of success on the merits. Assuming that this issue is justiciable, it seems probable that a court would conclude that the Legislature could delegate authority to State agencies to adopt more restrictive revolving door provisions in light of the Legislature's clear purposes and intentions in enacting the Act *(see, Boreali v Axelrod,* 71 NY2d 1, 10-11, 12).

---

**3.** Public Officers Law § 73 (8) permits legislative supervisory employees to lobby for compensation on issues in which they were not materially involved immediately following termination of their State service if they receive approval from the legislative ethics commission. This treatment is more lenient than the restrictions on other covered public servants *(see, Forti v New York State Ethics Commn.,* 147 AD2d 269).

■ More troublesome to us is plaintiffs' contention that the Act violates the doctrine of separation of powers. Under Public Officers Law § 73 (14), the Commission has authority to impose up to a $10,000 civil penalty for knowing and intentional violations of, *inter alia,* the revolving door provisions, but "may, in lieu of a civil penalty * * * refer a violation * * * to the appropriate prosecutor and upon such conviction, but only after such referral, such violation shall be punishable as a class A misdemeanor". This provision, reasonably read, limits criminal liability to cases referred to the prosecutor by the Commission. But it is the executive who is constitutionally charged to ensure "that the laws are faithfully executed" (NY Const, art IV, § 3) and who, represented by the prosecutor, has primary discretion in deciding whether to bring criminal charges *(see, e.g., People v Di Falco,* 44 NY2d 482, 486; *Matter of Holtzman v Hellenbrand,* 130 AD2d 749, 750-751, *lv denied* 70 NY2d 607; *People v Glendenning,* 127 Misc 2d 880, 881; *Matter of Hassan v Magistrates' Ct.,* 20 Misc 2d 509, 511, *appeal dismissed* 10 AD2d 908, *lv dismissed* 8 NY2d 750, *cert denied* 364 US 844). By giving the Commission prosecutorial discretion, the Legislature has essentially and improperly infringed upon an executive branch function. Since plaintiffs would be subject to criminal exposure if they undertook any proscribed acts in their private practices, this contention is justiciable, especially in this declaratory judgment action. Accordingly, it is likely that plaintiffs will prevail on this issue.

■ It remains, then, to determine if plaintiffs have established irreparable harm without the preliminary injunction. We think not. On the separation of powers issue likely to be resolved favorably to plaintiffs, the offending provisions can be severed from the rest of the Act's provisions (McKinney's Cons Laws of NY, Book 1, Statutes § 150 [d]), although at this preliminary stage it is inappropriate for us to make such a declaration. Thus, Public Officers Law § 73 (8) would remain effective so that there is no reason to enjoin its applicability to plaintiffs. Likewise, the equities do not favor issuing the preliminary injunction since it is likely that only the penalty provisions of Public Officers Law § 73 (14) will be affected by any ultimate success on the merits by plaintiffs. The substantive provisions governing plaintiffs' conduct will likely remain intact. For these reasons, we are of the view that Supreme

Court abused its discretion in granting the preliminary injunction and, therefore, reversal is warranted.

Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Order reversed, on the law, without costs, and motion denied.