(January 17, 1992)

■ In the Matter of the Arbitration between WILLIE GAULT et al., Appellants, and UNITED STATES BOBSLED AND SKELETON FEDERATION et al., Respondents.—Per Curiam.

Claiming that they had been effectively denied a fair opportunity to qualify for selection to participate as competitors in the 1992 Winter Olympic Games as members of the four-man bobsled team, respondents Willie Gault, Greg Harrell and Edwin Moses (hereinafter collectively referred to as respondents) filed a grievance pursuant to the bylaws of respondent

United States Bobsled and Skeleton Federation (hereinafter the Federation). Although a Hearing Panel recommended that an additional final trial be conducted prior to finalizing the 1992 bobsled team, the Federation's Board of Directors voted to reject this recommendation. Consequently, respondents filed a demand for binding arbitration pursuant to the bylaws of the Federation. By decision dated January 11, 1992, the arbitrator determined that due to various improprieties in the adoption of criteria governing the selection of athletes for the bobsled team, a new pushoff competition should be held between January 14, 1992 and January 18, 1992 at a time and under conditions to be designated by the United States bobsled coach.

Petitioners, Steven T. Snavely, Jeffrey T. Woodard and Arthur T. Allen, who were not parties to the arbitration proceeding, commenced this proceeding pursuant to CPLR 7511 (b) (2) to vacate the arbitration award. Petitioners then sought a preliminary injunction restraining respondents and the Federation from implementing so much of the arbitrator's award as ordered a new pushoff competition.[1] The Federation then cross-moved to dismiss for failure to exhaust administrative remedies. In addition to relying on this ground, respondents sought dismissal based on petitioners' lack of standing and lack of subject matter jurisdiction. After determining that the grounds for dismissal lacked merit, Supreme Court held that the arbitrator exceeded his authority as stated in chapter XXII of the Federation's bylaws. The court then granted petitioners' motion for a preliminary injunction. Only respondents[2] have appealed.

Respondents contend that petitioners lack standing to apply to vacate the arbitration award, have failed to exhaust the administrative remedies provided in the Amateur Sports Act of 1978 (hereinafter the Act) (see, 36 USC § 395 [a]) and that the arbitrator's award was within his power and should be upheld. Petitioners argue that they have standing, that they did not have to exhaust the administrative remedies provided for in the Act because of the presence of "unnecessary delay" (36 USC § 395 [a]) and that Supreme Court properly granted

1. Although CPLR 6301 refers to the availability of a preliminary injunction "in any action", there is authority to grant the provisional remedy in a proceeding when necessary to maintain the status quo (see, *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 70 AD2d 1021, 1022).

2. Edwin Moses has not appealed. Therefore, further references to respondents do not include him.

the preliminary injunction because the arbitrator exceeded the scope of his authority.

Assuming that they have standing and are not barred by failing to follow the administrative procedures of the Act, petitioners must satisfy the three-prong test required for a preliminary injunction, which is a drastic remedy available only if the movant establishes a clear right to relief (see, Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp., 148 AD2d 856, 857-858). Among other things, the moving party must show that he or she is likely to prevail on the merits (supra). Accordingly, petitioners must show that they were prejudiced by the arbitrator exceeding the scope of his authority (CPLR 7511 [b] [1] [iii]; [2] [i]), a difficult burden considering that a court has limited power to review an arbitration award (see, e.g., Pearlman v Pearlman, 169 AD2d 825, 826).

Chapter XXII of the Federation's bylaws provides that binding arbitration will be used to resolve "any controversy involving the opportunity of any * * * athlete * * * to participate in * * * the sport[ ] of Bobsled". Pursuant to this broad authority to arbitrate, the Federation and respondents agreed to submit the dispute over respondents' participation in the 1992 Winter Olympic Games to arbitration. The Federation's bylaws present no limitation on an arbitrator once a dispute is properly submitted for resolution. Furthermore, there is nothing in the record, including the Federation's bylaws, to provide a right to participate in the arbitration to petitioners, who do not deny actual awareness of the arbitration and did not seek to intervene.

Accordingly, the arbitrator was asked to resolve a controversy concerning the manner in which the 1992 Olympic bobsled team is to be selected, held a hearing, determined that the selection process was flawed and ordered that another qualifying competition be held. Supreme Court's conclusion that the arbitrator had no authority to do this reflects dissatisfaction with the arbitrator's award but ignores the broad authority afforded to the arbitrator by the Federation's bylaws. Although we also may disagree with the arbitrator's award and find most unfortunate the increasing frequency with which sporting events are resolved in the courtroom (see, e.g., Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256), we have no authority to upset it when the arbitrator did not exceed his authority (see, e.g., Matter of Weller Assocs. [Charlebois], 169 AD2d 958, 969, lv denied 78 NY2d 851). Considering the broad authority in the Federation's bylaws concerning the scope of arbitration and the judiciary's

limited power to review arbitration awards, petitioners have failed to satisfy their burden of showing that they are likely to prevail on the merits *(see, Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp., supra)*. Accordingly, Supreme Court erred in granting petitioners' motion for a preliminary injunction.

Weiss, Acting P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioners' motion for a preliminary injunction; motion denied; and, as so modified, affirmed.