OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioners seek an order from this court confirming the election of directors by the shareholders on March 6, 1996 or, in the alternative, directing a new election be held at a time and place fixed by the court under court supervision, and allowing John C. Heisler, Jr. and Kenneth A. Finder to exercise and vote their one share of stock each.
*404 Respondents oppose the motion.
This motion arises from a special shareholders meeting of Roemer & Featherstonhaugh, P. C. held on March 6, 1996. At this meeting Michael Gingras, Chief Financial Officer of Roemer & Featherstonhaugh, P. C. was appointed to act as the inspector of elections. Mr. Gingras accepted a certified list of shareholders eligible to vote submitted to him by the Corporate President James W. Roemer, Jr., which omitted petitioners. This list had previously been approved by the Board of Directors earlier that day. Shareholder Stephen J. Wiley had objected to Roemer’s list and proposed a second list of shareholders which included petitioners. Wiley’s list was rejected by Mr. Gingras. After that ruling the Board then held a meeting and considered several key issues each of which failed by one vote. The meeting was chaired by President James Roemer, Jr. These issues included the nomination of a new Board of Directors and the discontinuance of the legal action of Roemer & Featherstonhaugh, P. C. against shareholders James Featherstonhaugh and Elizabeth Clyne. Subsequently, a motion was made to adjourn the special meeting which was seconded, and passed by one vote.
After the adjournment motion the special meeting was continued by Vice-President and Secretary Featherstonhaugh whereby the current Board of Directors was removed, a new Board of Directors was elected and the action against James Featherstonhaugh and Elizabeth Clyne was voted to be dismissed. These votes were all taken with petitioners allowed to vote. Petitioners’ affidavits maintain they would have voted this way if allowed to do so at the first portion of the meeting which would have resulted in initial passage of these agenda items.
This court will order a new special meeting of shareholders to take place and allow John E. Heisler, Jr. and Kenneth A. Finder to exercise their right to vote their one share of stock each. The record establishes that John E. Heisler, Jr. was approached in April 1990 and subsequently invited to become a shareholder of the law firm of Roemer & Featherstonhaugh, P. C. culminating in his acceptance in December 1990. The record establishes that Mr. Heisler has been represented to the public as a shareholder since 1991, has voted as a shareholder since 1991, and had his cash draws delayed as a shareholder when there was insufficient cash flow.
Kenneth Finder was employed as an attorney with Roemer & Featherstonhaugh since June 12, 1989 and was granted *405 shareholder status effective January 1, 1994. The record establishes that Mr. Finder has been held out to the public as a shareholder since 1994, has participated by vote in shareholder meetings and has had his draws delayed as a shareholder when there was insufficient cash flow.
Respondents assert that petitioners were not shareholders on March 6,1996 and were properly excluded from the certified list of shareholders eligible to vote because neither petitioner ever paid the monetary consideration required for shares to be issued to them, and that there was no compliance with the bylaws of Roemer & Featherstonhaugh, P. C. or the Business Corporation Law in the issuance of shares.
It is not necessary here to address the issues raised as to the consideration paid, the written approval or the physical issuance of stock certificates.
This court finds as a matter of law that when a law firm certifies (as it did here) to the Appellate Division of the Supreme Court, pursuant to Business Corporation Law § 1514, that an attorney is a shareholder of the corporation, those identified attorneys are shareholders with enforceable voting rights. This court cannot ignore the representations of an officer of the professional corporation and an officer of the court certifying shareholders by name. The record before this court shows that James W. Roemer, Jr., as president of the professional corporation certified to the Appellate Division on June 4, 1991 that John E. Heisler, Jr. was a shareholder and so certified on June 7, 1994 that both John E. Heisler, Jr. and Kenneth Finder were shareholders.
The certifications by Roemer as president are dispositive of the issues here and any arguments to the contrary are found to be disingenuous.
As stated in Block v Magee (146 AD2d 730, 733): "On the defendants’ argument that the plaintiff was not a shareholder because he had not paid his full subscription, we find that their reliance on Business Corporation Law § 504 (b) and (h) is misconceived. While the statute makes clear that obligations of future payments shall not constitute payments or part payments for shares, it does not provide that shares which have been issued, but for which full payment has not been made therefor are void. Violation of the section renders the stock voidable, not void (see, Gilbert Paper Co. v Prankard, 204 App Div 83; Sarasohn v Jergens Co., 45 NYS2d 888; Kimmel Sales Corp. v Lauster, 167 Misc 514). In line with the principle established in these cases, the shares held by the plaintiff were *406 merely voidable, not void. At the time this action was commenced the plaintiff had paid between $163,000 and $164,083. The individual defendants had considered him as a stockholder and a principal of the corporation since its inception. They never moved to declare his shares void by reason of the fact that they had been issued in violation of Business Corporation Law § 504. Thus, they are now estopped from arguing that the plaintiff was not a shareholder or that the shares are void. As noted in Kimmel Sales Corp. v Lauster (supra, at 522, quoting from 14 CJ, Corporations, § 613, at 452) ' "[a]n issue of stock by a corporation as a bonus or gratuity, at less than its par value, or on payment therefor in property at an overvaluation, is binding * * * by estoppel, even when in violation of a constitutional or statutory provision, upon participating, consenting or acquiescing stockholders and their transferees, so that they cannot sue to set the transaction aside” ’. At bar, the individual defendants were participating, consenting and/or acquiescing stockholders in issuing stock to the plaintiff in violation of Business Corporation Law § 504, and are estopped from contesting its validity.”
In this case the respondents are estopped from denying the legitimacy of the shareholders they certified to the Appellate Division, Third Department.
This court will not confirm (as requested by petitioners) the election of directors made on March 6, 1996, as that election occurred after the meeting was adjourned. Neither will the court validate the action of Mr. Gingras in accepting the certified list of shareholders from Mr. Roemer because two valid shareholders (Heisler and Finder) were improperly excluded from the vote. (See, Business Corporation Law § 612.)
The court orders that a new special meeting of the shareholders be held within 30 days of this decision-order and that each shareholder including petitioners John E. Heisler, Jr. and Kenneth Finder shall each be allowed to vote at that time on each of the agenda items considered at the special meeting of March 6, 1996. The court appoints as inspectors of the shareholders meeting: Philip S. Caponera, Esq. and Roger M. Fritts, Esq. (Business Corporation Law § 611.) The fees to be paid to those inspectors shall be borne equally by the parties, and shall be set by the court after the meeting upon submission of an affidavit of services to the court.