■ In the Matter of JOHN E. HEISLER et al., Respondents, v MICHAEL L. GINGRAS et al., Appellants. [652 NYS2d 841] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 17, 1996 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to Business Corporation Law § 619, to direct a new special meeting of shareholders of Roemer and Featherstonhaugh, P. C. and to allow petitioners to exercise their voting rights.

On March 6, 1996, a special meeting of the shareholders of respondent Roemer and Featherstonhaugh, P. C. (hereinafter the Firm) convened to discuss various matters including the election of a chairperson for the special meeting, removal of the current board of directors, the filling of their vacancies and the discontinuance of pending litigation brought by the Firm against Three Feathers, Inc. and two shareholders of the Firm for, inter alia, the alleged diversion of revenue belonging to the Firm.

Earlier on that same date, the three-member board of directors of the Firm[1] met and, inter alia, decided by a vote of 2 to 1 to remove James Featherstonhaugh from his positions as vice-

---

1. Respondent James W. Roemer, Jr., respondent E. Guy Roemer and James Featherstonhaugh.

president and secretary of the Firm and approved a list of shareholders of the Firm who were entitled to vote at the special meeting.[2] The Board directed respondent James W. Roemer, Jr., as president of the Firm, to certify the list and expressly removed the authority of any person or officer other than the president and secretary of the Firm from certifying a different list of shareholders. The board of directors also appointed respondent Michael L. Gingras, an employee and the chief financial officer of the Firm, to act as inspector of elections at the special shareholders' meeting.

The special shareholders' meeting began by noting the resolutions adopted by the board of directors, including the appointment of Gingras as election inspector, the removal of Featherstonhaugh as vice-president and secretary, the appointment of respondent E. Guy Roemer to those offices, and certification of the list of shareholders entitled to vote at the special meeting. Petitioners, who contend that they each hold one vote, were excluded from the list of certified shareholders. Stephen Wiley, a shareholder holding six votes as well as a proxy[3] vote of petitioner Kenneth A. Finder, objected to the certified list of shareholders. Gingras declined to recognize petitioners' votes. As a result, motions to elect Featherstonhaugh the chairperson of the special meeting and to discontinue the pending litigation brought by the Firm against Featherstonhaugh and the others failed by a one-vote margin (84 to 83). A motion to adjourn the meeting passed by the same margin.

Despite the adjournment, Featherstonhaugh continued the meeting contending that if petitioners' votes were counted he was properly elected chair of the special meeting, and with those votes, the meeting was not adjourned. Thereafter, motions were made and passed, this time taking petitioners' votes into account, which removed Guy Roemer, James Roemer and Featherstonhaugh as members of the board of directors, voted in a new slate of directors including Finder, and discontinued the pending action.

Thereafter, petitioners commenced this proceeding to confirm their status as shareholders and to confirm the election of the new board of directors. Respondents argued before Supreme Court that since petitioners never paid the monetary

2. The shareholders so certified and the number of shares held entitled to vote were: James W. Roemer, Jr., 68; James D. Featherstonhaugh, 68; Stephen J. Wiley, 6; E. Guy Roemer, 9; Thomas A. Conway, 6; William Wallens, 6; Jeffrey J. Conklin, 1; John Mineaux, 1; Elizabeth Clyne, 1; and Randall Ezick, 1.

3. The Firm's by-laws provide for voting by proxy.

consideration for their stock shares (in violation of the Firm's by-laws and Business Corporation Law § 504), nor received any stock certificates pursuant to the Firm's stock purchase agreement, they were not shareholders of record on the date of the special meeting.

Supreme Court determined that respondents were estopped from arguing that petitioners were not shareholders. The court did not confirm the election of the new board of directors but instead directed that a new special meeting be held to consider the agenda items from March 6, 1996. The court also appointed two independent attorneys to act as inspectors of that shareholders' meeting. Respondents appeal.

In our view, the record supports findings that the Firm invited petitioners to become shareholders and held them out to the public, the courts and its clients as shareholders, without requiring the payment of any monetary consideration. With respect to petitioner John E. Heisler, Jr., the record shows that in April 1990 he was approached to join the Firm and to open a Syracuse office. On January 2, 1991, James Roemer issued a memorandum to all staff of the Firm announcing that Heisler was joining the Firm as a managing shareholder of the Firm's new Syracuse office. Shortly thereafter, the Firm mailed printed announcements publicizing the fact that Heisler had joined the Firm as a resident shareholder in its new Syracuse office. Heisler avers that since January of 1991 he has received notices of shareholder meetings, has attended several meetings either in person or through telephone conference and has voted on matters raised in the course of the meetings, and until March 6, 1996 his right to vote has never been questioned. Notably, his name appears as a shareholder in attendance at the March 27, 1995 shareholders' meeting at which the dissolution of the Firm was discussed. Additionally, he avers that as a shareholder his draw has been delayed on several occasions to permit the Firm to meet payroll obligations to associates and staff, and that on two such occasions he did not receive any draw.

With respect to Finder, the record reveals that he has been a shareholder in the Firm's New York City office since January 1994. Like Heisler, he avers that he has received notices of shareholder meetings, attended several either in person or through telephone conference and participated in discussions on matters raised in the course of such meetings. He argues that his presence and participation at shareholders' meetings has never been questioned. He has also experienced a draw delay as a shareholder while the associates in the New York

City office received their paychecks. Finder's name also appears as a shareholder in attendance at the March 27, 1995 shareholders' meeting. It also appears that the Firm billed its clients for the time and services of petitioners at shareholder rates.

Of all the evidence of petitioner's shareholder status, perhaps the most telling are the Firm's shareholder valuations as of June 30, 1995 and the Firm's triennial statements filed with this Court in 1991 and 1994 pursuant to Business Corporation Law § 1514. These statements clearly list petitioners as shareholders. Furthermore, we find no record support for respondents' argument that there were two tiers of shareholders. Rather, it appears that all shareholders were treated equally.

Viewing the record as a whole, we find the evidence sufficient to establish that respondents acquiesced in petitioners' shareholder status. Accordingly, respondents are now estopped from challenging petitioners' status (see, Matter of Kincade v Barristers Tavern Corp., 187 AD2d 593, 594; Block v Magee, 146 AD2d 730, 733).

Respondents also argue that Supreme Court erred in permitting each shareholder, including petitioners, to vote "on each of the agenda items considered at the Special Meeting of March 6, 1996" at the new special meeting. We find merit in this argument. In a summary proceeding under Business Corporation Law § 619 only the validity of an election may be challenged; the validity of other action taken at a meeting is not subject to review (see, Matter of Goldfield Corp. v General Host Corp., 29 NY2d 264, 267). Accordingly, we modify Supreme Court's order by deleting the above-quoted phrase.

Petitioners may not be heard to complain that Supreme Court ordered a new meeting, rather than confirming the vote at the March 6, 1996 special meeting, because this was one of the alternative forms of relief which they requested. Therefore, they cannot be aggrieved by its grant (see, Schenectady Chems. v Imitec, Inc., 133 AD2d 920, 921). Moreover, Business Corporation Law § 619 specifically authorizes the court to grant this form of relief in the exercise of its discretion. Under the circumstances here, we perceive no abuse of Supreme Court's discretion.

We find no merit in respondents' remaining contentions.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting therefrom the phrase "on each of the agenda items considered at the special meeting of March 6, 1996" from the

provision permitting each shareholder, including petitioners, to vote, and, as so modified, affirmed. [*See*, 169 Misc 2d 403.]