■ In the Matter of JOHN E. HEISLER, JR., et al., Respondents, v MICHAEL L. GINGRAS et al., Respondents, and ROEMER & FEATHERSTONHAUGH, P. C., Appellant. [656 NYS2d 70] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered September 11, 1996 in Albany County, which, in a proceeding pursuant to Business Corporation Law § 619, granted petitioners' motion for a preliminary injunction, and (2) from an order of said court, entered November 12, 1996 in Albany County, which denied a motion by respondent Roemer & Featherstonhaugh, P. C. to modify the order entered September 11, 1996.

The facts underlying this special proceeding commenced by

petitioners pursuant to Business Corporation Law § 619 are set forth at length in the parties' previous appeal to this Court (235 AD2d 900; *lvs granted* 89 NY2d 1007). In that decision, we upheld Supreme Court's determination of July 17, 1996 that petitioners were shareholders in the law firm of respondent Roemer & Featherstonhaugh, P. C. (hereinafter the Firm) who were entitled to vote. We also upheld, with a modification not relevant here, Supreme Court's direction of a new special meeting of shareholders. Before Supreme Court rendered its decision on the merits of the underlying proceeding, respondent James W. Roemer, as president of the Firm, commenced six actions to collect legal fees allegedly owed to the Firm by former clients.

Seeking to enjoin respondents from serving process in the actions or from commencing further collection litigation on behalf of the Firm, petitioners sought preliminary injunctive relief. On June 14, 1996, Supreme Court granted petitioners' application for a temporary restraining order pending its determination of the motion for a preliminary injunction. The court also granted petitioners' application for orders in each of the other six pending actions, staying all proceedings until final judgment in the special proceeding. As noted above, Supreme Court awarded judgment to petitioners in the special proceeding first and then, on September 11, 1996, granted their application for a preliminary injunction. On November 12, 1996, Supreme Court denied the Firm's motion seeking to modify the order granting the preliminary injunction by adding a provision requiring petitioners to post an undertaking pursuant to CPLR 6312 (b) (1). The Firm appeals from the orders of September 11, 1996 and November 12, 1996.

The fundamental purpose of a preliminary injunction is to preserve the status quo in an action, or in this case a proceeding (*see, Matter of Gault [United States Bobsled & Skeleton Fedn.]*, 179 AD2d 881, 882, n 1), until a decision is reached on the merits (*see,* CPLR 6301; *Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306; *Tucker v Toia,* 54 AD2d 322, 325-326; 67 NY Jur 2d, Injunctions, § 11, at 347-348). Once that decision is made, the need for provisional relief ends and any order granting a preliminary injunction expires (*see, Strnad v Brudnicki,* 200 AD2d 735; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.05, at 63-14). Inasmuch as the underlying proceeding was no longer pending before Supreme Court after it rendered its decision of July 17, 1996, its subsequent issuance of the preliminary injunction must be deemed a nullity (*see,* CPLR 6301). Accordingly, we must reverse and vacate Supreme Court's or-

der of September 11, 1996. Since the orders which granted stays of the other actions terminated, by their own terms, upon Supreme Court's determination of the underlying special proceeding, any argument pertaining to them has been rendered moot. Our disposition of the September 11, 1996 order renders the appeal from the order of November 12, 1996 academic.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order entered September 11, 1996 is reversed, on the law, without costs. Ordered that the appeal from order entered November 12, 1996 is dismissed, as academic, without costs.