OPINION OF THE COURT
Bellacosa, J.
Attorneys John E. Heisler, Jr. and Kenneth A. Finder sued under Business Corporation Law § 619 for judicial enforcement of their shareholder status in Roemer and Featherstonhaugh, P. C., an Albany-based law firm. The joint petition sought either to confirm a corporate election held at a shareholder meeting on March 6, 1996, or to order a new election.
At the special shareholders’ meeting, Heisler and Finder were initially precluded from voting. After a brief adjournment of the meeting, James D. Featherstonhaugh, vice-president and secretary of the firm, sua sponte allowed the meeting to continue and permitted Heisler and Finder to vote. The disagreements among the parties escalated into this proceeding and appeal. Respondents-appellants are the professional corporation, its president James W. Roemer, its chief financial officer Michael L. Gingras, and shareholder E. Guy Roemer.
Supreme Court ordered a new meeting of the shareholders and directed that Heisler and Finder be allowed to exercise shareholder voting rights. The Appellate Division affirmed in that regard and modified in a technical respect not before us (235 AD2d 900). This Court granted leave to appeal and we now modify the order by eliminating the relief granted to Finder. While we uphold the relief granted to Heisler as a shareholder with a right to vote, we discern no legal or factual basis to sustain the ruling in Finder’s favor.
At the outset, we reject any estoppel theory or analysis through which to resolve this case. Estoppel, and its related *687 theories (e.g., waiver, acquiescence and course of conduct) should be generally inapplicable as bases to determine controversies of this kind. A myriad of factual variations might otherwise lead to undesirable uncertainties and unevenness in connection with business and professional organizations of these kinds. Other than for exceptional circumstances not present here, equitable considerations might generate indefiniteness and detrimentally diminish the stake and stability of already inherently vulnerable minority shareholders in professional corporations and other types of small business organizations. The potential for irregularity and destabilization might be significant and highly undesirable as a matter of policy and predictable jurisprudence.
In the instant matter, article V, § 1 (b) of the bylaws of this professional corporation provides that "[n]o certificate representing shares shall be issued until the full amount of consideration therefor has been paid, except as otherwise permitted by law.” Business Corporation Law § 504 (a) prescribes that "[consideration for the issue of shares shall consist of money or other property, tangible or intangible, or labor or services actually received by or performed for the corporation or for its benefit.” Therefore, we conclude that for shareholder rights to be recognized under this fact pattern and dispute, consideration of some kind must have been provided and pertinent conditions precedent must have been satisfied.
Heisler’s history and status with the firm meet these standards and are distinctive in this case in relation to appellants and copetitioner-respondent Finder. Heisler indisputably provided consideration by bringing 15 years of experience and professional relationships to the law firm that encouraged him to join it so that he might open a Syracuse office of the firm. The record supports the finding that he would not have laterally moved to the law firm in a capacity less than or different from shareholder.
In fact, Heisler did open and manage the firm’s Syracuse office and exercised managerial responsibilities, including the hiring and firing of employees and billing. Additionally, appellant James Roemer circulated a memorandum to all firm employees announcing that Heisler was joining the firm as a managing shareholder and the firm publicly proclaimed that fact as well. Since Heisler also regularly participated in shareholder meetings and voted as a shareholder, the record evidence, overall, documents and supports the lower courts’ findings of his status as and entitlement to be treated as a *688 shareholder. "We, thus, affirm the order in this appeal as it relates to Heisler.
Record evidence, on the other hand, refutes Finder’s status as a shareholder and distinguishes him from Heisler and the relief afforded to that shareholder partner. Finder was an attorney in the firm’s New York City office and failed — . even expressly declined — to pay any consideration for shares offered to him. Appellant James Roemer attested without contradiction on this record, in relation to Finder, that they had numerous discussions regarding the purchase of stock and that, during a meeting in January 1994, James Roemer informed Finder that he would not become a shareholder or be issued any shares of stock until the specific amount of consideration for shares of stock was determined and paid. Further, open exploration of Finder’s status with the firm is reflected in a June 28, 1994 memorandum from appellant James Roemer to Finder. The memorandum explicitly declares that Finder would "not be issued a share of stock in Roemer and Featherstonhaugh” and would only "be known as a shareholder for compensation and responsibility purposes.” The memorandum also particularly denotes the $50,000 per share price and specifies the shareholder issue as one to be resolved sometime in 1994. Thus, Finder on this record was undeniably aware of his nonshareholder status. Lastly, unlike with Heisler, the record fails to establish that Finder ever voted as a shareholder.
Therefore, this record is not only barren of record evidence or a legal theory by which Finder could be found to have acquired shareholder status, but the uncontradicted facts actually support the opposite conclusion. Since Finder never provided any consideration as prescribed by the professional corporation bylaws and Business Corporation Law § 504, he never attained or became entitled to a shareholder role. We modify the order of the Appellate Division in that regard only as to him.
Finally, we note that the firm’s Business Corporation Law § 1514 filing, which lists petitioners as shareholders, is not in and of itself determinative of the problem presented by this case. While that filing is relevant and important in its own regulatory sphere and purpose, it is not intended to independently bind participants among themselves for the governance of the professional organization. Notably, different considerations may be warranted when the filing affects outside parties or the regulatory responsibilities and disciplinary interests of the courts.
*689 Accordingly, the order of the Appellate Division should be modified, without costs, by deleting the provision granting petitioner Finder shareholder and voting status and dismissing the petition as it relates to him and, as so modified, the order should be otherwise affirmed.
Chief Judge Kaye and Judges Titone, Smith, Ciparick and Wesley concur; Judge Levine taking no part.
Order modified, etc.