In this special proceeding in which petitioner seeks, inter alia, the judicial dissolution of Flytime, a New York corporation organized in 1984, petitioner has failed to establish that she is the owner of a 50% interest in Flytime, as required by Business Corporation Law § 1104 (a) (see e.g. Artigas v Renewal Arts Realty Corp., 22 AD3d 327, 327-328 [1st Dept 2005]). There is no evidence to support petitioner’s testimony that she and respondent orally agreed that she would have a 50% interest in Flytime once the corporation was formed. While it is undisputed that Flytime did not issue any stock certificates, or have any shareholder agreement or organizational meeting, there is also no evidence, other than petitioner’s conclusory testimony, that petitioner paid consideration for her purported stock interest (see Matter of Heisler v Gingras, 90 NY2d 682, 687 [1997]). Flytime’s federal tax return for the year 2000, which indicated that she was a 50% owner of the corporation was insufficient, without more, to satisfy petitioner’s burden, since corporate *588 and personal tax returns, even when filed with government agencies, are “not in and of [themselves] determinative” (Matter of Heisler, 90 NY2d at 688). Notably, the federal tax return was inconsistent with the NYC tax return for that same year, which indicates that respondent owns 100% of the corporation. It is also noteworthy that petitioner declined to submit her own personal tax return for in camera review.
The remaining documents on which petitioner relies either do not indicate what percentage of the corporate shares she owns or contradict her unequivocal testimony that she has owned a 50% share in Flytime since its inception. On the other hand, respondent presented documents and testimony in favor of a conclusion that he is the sole owner of the corporation. Concur— Friedman, J.P., Moskowitz, Freedman, Richter and AbdusSalaam, JJ.