■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS E. HILL, Appellant.—Levine, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 5, 1991, upon a verdict convicting defendant of the crime of burglary in the second degree.

On the evening of December 1, 1989, Floyd Allen's home in the Town of Hammond, St. Lawrence County, was broken into and two safes were removed which contained $3,100 in cash as well as watches, papers, Canadian money and other valuables. Allen had been away from his home from approximately noon to 9:30 P.M. that day, and returned to find the front door ajar, the safes gone and his cats huddled by the radiator to avoid the subzero temperature.

Defendant and her boyfriend, Michael Brossoit, were jointly indicted and convicted of one count of burglary in the second degree (Penal Law § 140.25 [2]) under an acting-in-concert theory (Penal Law § 20.00). County Court sentenced defendant to an indeterminate term of incarceration of 1½ to 4½ years. Defendant now appeals.

Defendant argues on appeal that the evidence was not legally sufficient to support the verdict and the verdict was

against the weight of the evidence. Defendant contends that County Court erred in failing to give a circumstantial evidence charge and that its charge regarding corroboration of accomplice testimony confused the jury. Additionally, defendant urges that she was denied effective assistance of counsel and that her sentence was harsh and excessive.

Viewing the evidence, as we must, in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620, 621), we find that the verdict was supported by sufficient evidence and the weight of credible evidence (see, *People v Bleakley*, 69 NY2d 490, 495). The People presented evidence by John Gilbo—who knew Allen—and John Patterson that on November 30, 1989, the day prior to the burglary, defendant participated in a conversation with Brossoit, Patterson and Gilbo, during which they discussed and planned the burglary of Allen's house. Gilbo, Patterson and Brossoit attempted to carry out the planned burglary but aborted it when they found Allen at home. Thereafter, Patterson and Gilbo told Brossoit they would not participate in the burglary plan, and there was no evidence that they did participate.

Patterson—who was then living with defendant and Brossoit—testified that on the evening of the actual burglary, defendant and Brossoit left their house together at 6:00 P.M., returned around 9:00 P.M. and left again shortly thereafter. An employee of a market in town, who knew Allen well, testified that a woman he identified at trial as defendant came into the store in the late afternoon and repeatedly dialed Allen's phone number but did not speak to anyone on the phone. Patterson testified that when defendant and Brossoit returned around midnight "they told [him] about this place they just robbed". Several days later, after Brossoit told Patterson "he hit the old man up * * * for the money * * * the safes", defendant stated "now that we [have] Christmas money for the kids * * * we will have a good Christmas".

The foregoing evidence clearly was sufficient to establish that defendant acted in concert with Brossoit, i.e., that she importuned and intentionally aided Brossoit in breaking into Allen's home with the intent that they commit a crime therein (see, Penal Law § 20.00; *People v Kaplan*, 76 NY2d 140, 144-146; *People v Flayhart*, 72 NY2d 737). The jury could reasonably conclude that defendant participated in planning the burglary, that she phoned Allen the day of the burglary to see if he was home, that she acted as lookout for Brossoit, that she admitted her participation to others and that she shared in the proceeds of the crime.

Additionally, upon our review of all of the credible evidence, we conclude that the jury did not fail to give the evidence the weight it should be accorded and the verdict is supported by the weight of the credible evidence *(see, People v Bleakley, supra,* at 495).

Defendant is incorrect in arguing that she was convicted solely on circumstantial evidence. The People presented direct evidence of the commission of the burglary and testimony establishing defendant's and Brossoit's admissions to each and every element of the burglary. Such evidence is direct and not circumstantial evidence.

Further, County Court was not required to give a circumstantial evidence charge to the jury where, as here, both direct and circumstantial evidence was presented *(see, People v Barnes,* 50 NY2d 375, 380-381; *People v Castillo,* 47 NY2d 270, 277-278; *People v Bracey,* 41 NY2d 296, 301). Defendant never requested such a charge and did not object when—in response to the prosecutor's inquiry—County Court indicated that it would not provide such a charge, thus failing to preserve the issue for appeal *(see,* CPL 470.05 [2]).

Defendant is also incorrect in contending that she was convicted solely on the uncorroborated testimony of accomplices, i.e., Gilbo and Patterson. County Court properly charged the jury to determine as a matter of fact whether these two witnesses were accomplices and, if so, whether their testimony was corroborated. County Court defined an accomplice and explained the CPL 60.22 corroboration requirement, consistent with the pattern jury instructions *(see,* 1 CJI[NY] 7.53, at 339). The People provided independent corroborative evidence tending to connect defendant to this burglary so as to reasonably satisfy the jury that the purported accomplices were telling the truth *(see,* CPL 60.22; *People v Moses,* 63 NY2d 299, 305-309; *People v Smith,* 55 NY2d 945; *People v Glasper,* 52 NY2d 970). Here, corroborative evidence independently established defendant's guilt.

We have examined defendant's other contentions, including that the sentence imposed is harsh and excessive, and conclude that they are without merit.

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.