■ The People of the State of New York, Respondent, v Michael Brossoit, Appellant. [597 NYS2d 192] —Levine, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 5, 1991, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant and his girlfriend, Doris Hill, were jointly indicted and convicted of burglary in the second degree under an acting-in-concert theory (Penal Law § 20.00) for breaking into Floyd Allen's home in the Town of Hammond, St. Law-

rence County, in December 1989 and stealing two safes containing $3,100 cash and other valuables. County Court sentenced defendant to a prison term of 2 to 6 years. Hill's conviction was recently affirmed in a memorandum which recites the facts in greater detail and addresses most of the issues raised by defendant on this appeal (see, People v Hill, 188 AD2d 949).

Contrary to defendant's contention, he was not convicted solely on circumstantial evidence (see, supra), and a circumstantial evidence charge was not required because both direct and circumstantial evidence was presented (see, People v Barnes, 50 NY2d 375, 380-381); defendant never requested such a charge or objected when County Court indicated that it would not provide such a charge, thus failing to preserve the issue for appellate review (see, CPL 470.05 [2]).

As was more fully set forth in People v Hill (supra), the verdict was supported by sufficient evidence and the weight of the credible evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Contes, 60 NY2d 620, 621). Contrary to defendant's suggestions, the testimony did not establish that defendant and Hill could not have removed the safes containing the cash and other valuables. Rather, one of the detectives testified that he could have moved the safes, which were recovered, and the evidence was that the safes, which had been on wheels, had been dragged across the floor.

Additionally, County Court properly charged the jury to determine whether the prosecution's two key witnesses were accomplices and explained the corroboration requirement for accomplice testimony (see, CPL 60.22; see also, People v Hill, supra). The People provided the requisite independent corroborative evidence tending to connect defendant to this burglary (see, supra; see also, People v Moses, 63 NY2d 299, 306).

Finally, upon our review of the record, we find no support for defendant's contention that he was deprived of effective assistance of counsel. As noted, there was both direct and circumstantial evidence and, therefore, defense counsel's failure to request a circumstantial evidence charge was not error. Further, defendant contends for the first time on appeal that he was "hearing impaired" and had unsuccessfully asked defense counsel to obtain an interpreter, and as a consequence decided not to testify on his own behalf. There is nothing in the record or on appeal to support this contention and, indeed, the record reflects conversations between defendant and others with no indication of this purported problem. We thus

conclude that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

We have examined defendant's other contentions, including that the sentence imposed is harsh and excessive, and conclude that they are without merit.

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.