■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY A. KOONS, Appellant. [623 NYS2d 398] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 25, 1991, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

The issues on appeal address alleged errors occurring during a *Huntley* hearing held on July 15, 1991. At said hearing, the prosecution called two witnesses who were fully cross-examined by the defense. Thereafter, the defense, after proffering the testimony of two witnesses, requested a recess. Upon query by County Court, defense counsel explained that defendant had a hearing impairment requiring the use of hearing aids in both ears and that counsel wanted to insure that defendant had heard all testimony which had been presented before he took the stand. Upon further questioning by the court, a recess was granted. Approximately eight minutes later, the hearing resumed and defendant testified on his own behalf. He was asked numerous questions and provided answers in response thereto.

After the hearing, County Court rendered a written decision in which it found that the People established the voluntariness of defendant's statement and consent to search. Defendant thereafter chose to enter a guilty plea. During the extended colloquy with the court, defendant responded to each and every question posed. At no time did defendant move to withdraw his guilty plea or claim any error on the part of County Court.

On appeal, defendant contends that his 6th Amendment right to confront witnesses was violated since he was unable to hear all of the testimony presented at the *Huntley* hearing. He further contends that his counsel's failure to raise the issue of his impairment prior to the hearing constitutes ineffective assistance of counsel. Finally, defendant contends that County Court erred when, after having been made aware of the hearing impairment at the *Huntley* hearing, it failed to

take action to determine the extent of his impairment and whether remedial action was necessary.

Initially, we note that defendant's challenge to the adequacy of County Court's response to his hearing impairment was not preserved for our review since defendant failed to move to withdraw his guilty plea or vacate his judgment of conviction (see, People v Hatzipavlou, 175 AD2d 969, lv denied 79 NY2d 827). Were we to address the merits, we would find no error (see, CPL 470.05). We further find no support for defendant's contention that his counsel acted ineffectively when he failed to raise the issue of defendant's impairment prior to the hearing. The record reflects that defendant admitted that he was able to hear all of the testimony of the prosecution witnesses. We therefore conclude that his representation was meaningful (see, People v Baldi, 54 NY2d 137; People v Brossoit, 192 AD2d 900).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.