■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SNARE, Appellant. [628 NYS2d 215] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered October 20, 1992 in Albany County, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and burglary in the first degree (two counts).

The relevant facts are more fully set forth in our prior decision in People v Mariani (203 AD2d 717, lv denied 84 NY2d 869). Defendant and his codefendants, James Mariani and Robert Skinner, were indicted and charged with, inter alia, two

counts of murder in the second degree, four counts of burglary in the first degree and one count of conspiracy in the fourth degree. Following a joint jury trial, defendant was convicted of two counts of murder in the second degree and two counts of burglary in the first degree, and sentenced to two consecutive terms of imprisonment of 20 years to life to run concurrently with two terms of $12^1/_2$ to 25 years.

On this appeal, defendant contends that the proof adduced at trial constituted circumstantial evidence and, utilizing the standard applicable in such cases, he claims that the evidence does not " 'exclude to a moral certainty every other reasonable hypothesis' " except that of guilt (*People v Cleague*, 22 NY2d 363, 366, quoting *People v Bearden*, 290 NY 478, 480). We disagree. Defendant's admissions concerning the burglary of the victims' residence made to Mark Torra constituted direct evidence of defendant's guilt (*see, People v Bretagna*, 298 NY 323, *cert denied* 336 US 919) and resort to the circumstantial evidence standard was not necessary (*see, People v Hill*, 188 AD2d 949, 951). Given that, we are of the view that the evidence adduced at trial was legally sufficient to establish each element of the crime charged and, after considering the probative force of the testimony and the varying inferences that can be drawn therefrom, that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant next contends that Supreme Court should have severed his trial from that of his codefendants. Defendant, however, failed to move for severance prior to trial and has thereby waived any issue as to the propriety of a joint trial (*see, People v Arroyo*, 209 AD2d 328, *lv denied* 85 NY2d 859). Were we to consider this issue, we would nevertheless find no error in conducting a joint trial of these defendants. It is axiomatic that "[s]ome degree of prejudice is * * * inherent in every joint trial" (*see, People v Mahboubian*, 74 NY2d 174, 183-184) and that factor must be balanced against concerns for judicial economy and convenience of witnesses. In short, in order for defendant to be entitled to severance, it must appear that a joint trial will, or did, result in unfair prejudice to defendant and substantially impaired his defense (*see, People v Cruz*, 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). A review of the record here reveals no such prejudice.

With regard to defendant's contention that Torra's testimony was not sufficiently corroborated, we have previously determined that issue favorably to the People (*see, People v Mariani*, 203 AD2d 717, 718, *supra*). In addition to the factors mentioned in *People v Mariani* (*supra*), defendant's admissions

to Detective Jay Cunningham of the Albany Police Department further serve to corroborate Torra's testimony.

We have examined defendant's remaining arguments, including those made in his *pro se* brief, and find them to be without merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.