OPINION OF THE COURT
John H. Wilson, J.
*702 On February 12, 2008, defendant was charged with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]), an unclassified misdemeanor, and related charges. On February 13, 2008, defendant entered a plea of guilty to the above-stated count of the criminal court complaint, and received a sentence of a conditional discharge. The conditions of defendant’s discharge were that he pay a fine of $500, attend the drinking and driving program, and be screened for alcohol and substance dependency at the New York State Department of Motor Vehicles. A surcharge in the amount of $185 was also imposed, and the defendant’s New York State driver’s license was suspended for a period of six months.
To date, defendant has not appealed his conviction.
By motion dated June 9, 2008, defendant moves pursuant to “CPL 440.10 (h)”[1] to vacate his conviction on two grounds. He asserts that he received ineffective assistance of counsel, and that due to his inability to understand the plea and sentence proceedings, his right to due process was violated.
Attached to his motion papers is defendant’s affidavit, wherein he states that due to his Jamaican heritage, he speaks English with a heavy accent, and “when people do not speak slowly and clearly, I often have difficulty understanding what American born people are trying to say to me.” Defendant also asserts that he did not understand “what the Legal Aid Attorney was asking me,” and agreed to “whatever terms the Judge demanded in order to go home and avoid jail.”
The People’s response, dated September 5, 2008, states that the defendant “accepted the Judge’s offer knowingly, voluntarily, and of his own free will.” The People also assert that defendant received the effective assistance of counsel because his attorney “negotiated a non-jail disposition sentence,” when “defendant was facing a potential jail sentence of one year if convicted of all the charged offenses after trial.”
Moreover, the People note that defendant was familiar with court proceedings since the defendant had a prior conviction for driving while impaired (Vehicle and Traffic Law § 1192 [1]).
The court has also reviewed an affirmation dated November 10, 2008 from the attorney who represented defendant at his plea and sentence, in which she states that while she “does not recall the specifics of my conversation” with the defendant, “I *703 have many Caribbean clients, and the Jamaican accent is no impediment.”
For the following reasons, defendant’s motion is hereby denied.
Defendant Received the Effective Assistance of Counsel and Was Not Denied His Right to Due Process
Before addressing the merits of defendant’s motion, this court finds that a formal hearing in this matter is unnecessary. This court presided over defendant’s plea and sentence. As such, this court may be “presumed to be ‘fully familiar with all aspects of the case.’ ” (See People v Demetsenare, 14 AD3d 792, 793 [3d Dept 2005], quoting People v Loomis, 256 AD2d 808, 808-809 [3d Dept 1998], lv denied 93 NY2d 854 [1999].) This court has also reviewed the record of the underlying proceedings, as well as the statements of the relevant parties. Therefore, no formal hearing is necessary. (See also People v Robetoy, 48 AD3d 881, 883 [3d Dept 2008].)
Defendant states that he met his “Legal Aid Attorney shortly before” his case was called. He claims to have had difficulty understanding “what she was trying to say,” and claims further that the attorney also had difficulty “understanding what I was trying to say.” He asserts that the attorney “was forced to repeat her questions.”
Defendant also states that during his initial meeting, he had no conversation with the attorney regarding “the terms of any plea agreement,” and that when he was before the court for arraignment, he “did not understand most of the legal terms that were said.” Nonetheless, defendant states that he “nodded and said yes” in response to the court’s questions “in order to allow him to let me go home.”
Defendant indicates the first time he realized that he had entered a plea of guilty was at his next court appearance. He concludes by stating that “[i]f my Legal Aid Attorney had explained the consequences of agreeing to the Judge’s terms, I would not have accepted this plea offer.”
Pursuant to CPL 440.10 (1) (h), the judgment against defendant may be vacated if said judgment “was obtained in violation of a right of the defendant under the constitution of this state or of the United States.” Clearly, the right to the effective assistance of counsel would constitute such a right. (See Strickland v Washington, 466 US 668 [1984]; People v Baldi, 54 NY2d 137 [1981].)
*704 A review of the sufficiency of a defendant’s allegations of ineffective representation of counsel rests within the discretion of the judge to whom the motion is made. (See People v Tinsley, 35 NY2d 926, 927 [1974].) The court must review the totality of the circumstances of the case to resolve a claim of ineffective assistance of counsel. (See People v McDonald, 296 AD2d 13, 17 [3d Dept 2002], affd 1 NY3d 109 [2003].)
The totality of the circumstances of the instant matter reveals no incompetency on the part of defendant’s assigned counsel. A review of the minutes of his court appearance on February 13, 2008, which are attached to defendant’s moving papers, shows that defendant was instructed that his plea was to Vehicle and Traffic Law § 1192 (3), “an unclassified misdemeanor.” He was asked by the court if he was “pleading guilty voluntarily of your own free will,” to which the defendant answered “yes.” (Plea and sentence transcript at 3.) Defendant was then asked if he admitted “that on February 12, 2008, 5:12 PM, 80th Street and Avenue J, county of Kings, you operated a motor vehicle while intoxicated,” to which question defendant again answered “yes.” (See plea and sentence transcript at 3-4.)
Defendant was also asked if he understood that he was giving up his right to a trial, his right to confront the People’s witnesses, and the right to remain silent. He again answered “yes.” He was then asked by the court if he was being forced to plead guilty, and if anyone had made him “any promises other than the sentence,” in an effort to convince the defendant to enter his plea of guilty. The record shows defendant answered “no” to these inquiries. (See plea and sentence transcript at 4.)
The defendant was also given the opportunity to speak before sentence was imposed. He declined. (See plea and sentence transcript at 4.)
“The foregoing sufficiently establishes that defendant’s plea was voluntary and knowing.” (People v Brown, 126 AD2d 898, 901 [3d Dept 1987], lv denied 70 ]NY2d 703 [1987].) There is no evidence on the record presented that defendant did not understand the terms of his plea bargain.[2] There are no deficiencies in the plea allocution or inconsistencies in defendant’s responses. His answers were clear and unequivocal.
*705 Defendant asserts that because of his “heavy accent,” “people have difficulty understanding what I am trying to say.” Further, “when people do not speak slowly and clearly, I often have difficulty understanding what American born people are trying to say to me.” Yet, the affirmation of defendant’s counsel at his plea and sentence does not support his contention. She states that on a court date subsequent to defendant’s plea and sentence, she “spoke briefly with (Defendant), and I had no difficulty understanding him then.”
Though this court has been unable to locate any case law directly on point, this court may analogize defendant’s claim to that of an individual who requires an interpreter, or has an impairment which must be accommodated.
In People v Brossoit (192 AD2d 900 [3d Dept 1993]), defendant sought reversal of his conviction for burglary in the second degree due to the ineffective assistance of his trial counsel. That defendant asserted that he was hearing impaired, and had decided not to testify in his own behalf after “unsuccessfully ask(ing) his defense counsel to obtain an interpreter.” (192 AD2d at 901.) The court noted that “[t]here is nothing in the record or on appeal to support this contention and, indeed, the record reflects conversations between defendant and others with no indication of this purported problem.” (192 AD2d at 901.) Defendant’s appeal on this basis was denied.
A similar result was reached in People v Koons (213 AD2d 812, 813 [3d Dept 1995] [“We further find no support for defendant’s contention that his counsel acted ineffectively when he failed to raise the issue of defendant’s impairment prior to the hearing. The record reflects that defendant admitted that he was able to hear all of the testimony of the prosecution witnesses. We therefore conclude that his representation was meaningful”]).
Further, defendant is no stranger to the criminal justice system. Indeed, prior to his arrest in this matter, he pleaded guilty to Vehicle and Traffic Law § 1192 (1) on October 24, 2001, and received a sentence of a conditional discharge. He paid a fine of $350, and received a suspension of his driver’s license for 90 days in that matter.
The record of defendant’s plea and sentence in the instant matter shows that at his arraignment, the People noted the prior conviction, asserted that defendant had been involved in a motor vehicle accident with minor injuries in his new arrest, and were requesting bail in the amount of $1,500. (See plea and *706 sentence transcript at 2.) Thus, it is very clear that this defendant gained the benefit of a negotiated plea bargain, in which he received a sentence which avoided a possible term of incarceration. (See People v Bankowski, 134 AD2d 768 [3d Dept 1987].) “The [mere] fact that defendant is unhappy with the results of his trial is not a sufficient basis to establish such a lack of meaningful representation.” (People v Malve, NYLJ, Sept. 20, 2002, at 22, cols 2, 3.)
Therefore, under the totality of the circumstances, this court concludes that defendant was provided with meaningful and competent representation, and was not denied his right to due process. Accordingly, the motion dated June 9, 2008 to withdraw defendant’s guilty plea is denied.
All other arguments advanced by defendant have been reviewed and rejected by this court as being without merit.

. The court believes defendant means to make this motion under CPL 440.10 (1) (h), and will treat this motion as one made under the proper subdivision.

. It should be noted that defendant did state that he did not understand the terms of his plea once he had been sentenced; however, the record shows that after a brief pause, during which this court recalls defendant consulted with his counsel, defendant was again asked if he understood everything the court had said to him. Defendant replied “yes.” (Plea and sentence transcript at 5.)