# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**795**

**KA 11-01473**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CODY WENNER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered May 19, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he entered the victim's dwelling. We reject that contention. Defendant was charged both as a principal and an accomplice and, to establish defendant's liability as an accomplice, the People were not required to prove that he entered the victim's residence. We conclude that the evidence is legally sufficient to establish defendant's liability as an accomplice inasmuch as he "importuned and intentionally aided [another] in breaking into [the victim's] home with the intent that they commit a crime therein" (*People v Hill*, 188 AD2d 949, 950; *see People v Soto*, 216 AD2d 337, 337, *lv denied* 86 NY2d 803). In any event, contrary to defendant's contention, the evidence is legally sufficient to establish defendant's liability as a principal. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is " 'a valid line of reasoning and permissible inferences from which a rational jury' " could have found that defendant personally entered the residence and removed the large television that he and his codefendant were seen carrying in the vicinity of the victim's residence shortly before the crime was discovered (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict is

not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we conclude that defendant's waiver of his *Antommarchi* rights was valid (*see People v Flinn*, 22 NY3d 599, 601-602, *rearg denied* 22 NY3d 940).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court