People v Ramos (2021 NY Slip Op 50874(U))

[*1]

People v Ramos (Santa)

2021 NY Slip Op 50874(U) [73 Misc 3d 126(A)]

Decided on May 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2018-2201 S CR

The People of the State of New York,
Respondent,
against
Santa D. Almanzar Ramos, Appellant. 

Feldman and Feldman (Steven A. Feldman and Arza Feldman of counsel), for appellant.
Suffolk County District Attorney (Caren C. Manzello of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Chris Ann
Kelley, J.), rendered October 3, 2018. The judgment, upon a jury verdict, convicted defendant of
common-law driving while intoxicated and resisting arrest, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
On August 21, 2015, defendant was charged with common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]) and resisting arrest (Penal Law § 205.30).
Following a jury trial, defendant was found guilty of both charges.
The record establishes that defendant voluntarily, knowingly and intelligently waived her
right to be present at sidebar conferences with prospective jurors (see People v
Antommarchi, 80 NY2d 247 [1992]). Defendant and her counsel signed a written waiver
form in which defendant acknowledged that she had consulted with her attorney, that she had
been informed of her right to be present, and that she wished to give up that right (see People v Wenner, 143 AD3d
1268, 1269 [2016]; People v
Jackson, 59 AD3d 736 [2009]).
We note that defendant's contention that the evidence was legally insufficient is only
partially preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution
(see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally
sufficient [*2]to establish defendant's guilt of common-law
driving while intoxicated and resisting arrest beyond a reasonable doubt. Moreover, in fulfilling
our responsibility to conduct an independent review of the weight of the evidence (see
CPL 470.15 [5]; People v
Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder's
opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888,
890 [2006]; People v Mateo, 2 NY3d 383, 409 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict was not
against the weight of the evidence (see
People v Romero, 7 NY3d 633 [2006]).
Defendant's remaining contention is without merit.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 27, 2021